## 67173. SMITH v. THE STATE.
### (323 SE2d 257)

Carley, Judge.

Appellant was indicted for two counts of burglary. He subsequently entered a guilty plea as to one count and the State dismissed the other. The instant appeal is from the judgment of conviction and sentence entered on appellant's guilty plea. The assertion is that appellant's guilty plea was not knowingly and intelligently made. See *Goss v. State*, 161 Ga. App. 539 (288 SE2d 253) (1982).

1. Because of an apparent conflict in the cases, the following question in the instant appeal was certified to the Supreme Court: "Is a timely filed appeal from a judgment of conviction a prescribed means to challenge a guilty plea?" The Supreme Court disapproved the language in one of its earlier cases and answered that "[w]here the question on appeal is one which may be resolved by facts appearing in the record, . . . a direct appeal will lie." *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984). The record in the instant case contains the transcript of appellant's guilty plea hearing, the consideration of which is sufficient to resolve all issues raised. Accordingly, this court has jurisdiction over the instant appeal.

2. Appellant contends that his guilty plea was erroneously accepted because the transcript demonstrates that there was no factual basis for the plea and, in addition, that it was coupled with his claim of innocence. See *Minchey v. State*, 155 Ga. App. 632 (1) (271 SE2d 885) (1980).

When the trial court first asked appellant if he was guilty, he responded, "Sort of." The trial court refused to accept this answer and informed appellant that it did not "want [him] to plead guilty if [he was] not guilty." After some elaboration by appellant's counsel, the trial court asked appellant if there was "any doubt about it?" Appellant's response was that he was entering a plea of guilty. The trial court again asked appellant if he was "in fact guilty?" Appellant answered affirmatively. The trial court then asked appellant to explain his involvement. Appellant stated that he and a second individual had entered the premises of another without authorization and "looked for a battery . . . but never took anything." When questioned

with specific regard to the element of intent, appellant stated that he and the other individual "weren't going to take a battery. We were just going to use it to get [a] car started. . . . I didn't have any intentions of taking anything."

Appellant contends that the above-quoted colloquy demonstrates his denial of an intent to commit a theft in the premises, as had been alleged in the indictment, and was thus not a plea of guilty to burglary. According to appellant, his statement that he merely intended "to use" the battery, not "to take" it, negatives an intent to steal the battery. However, "[a] person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. " 'Deprive' means, without justification: To withhold property of another permanently or *temporarily* . . . ." (Emphasis supplied.) OCGA § 16-8-1 (1) (A). Thus, regardless of whether appellant intended to take the battery and withhold it permanently, his intent to take it for his own temporary use without the owner's authorization evinces an intent to commit a theft. "Once criminal intent at the time of taking [is] proved, it [becomes] irrelevant whether the deprivation . . . [is] permanent or temporary." *Martin v. State*, 143 Ga. App. 875, 876 (240 SE2d 231) (1977).

The transcript demonstrates a knowing and intelligent guilty plea to the crime charged in the indictment. It was not error to accept that guilty plea and to enter a judgment of conviction and sentence thereon.

*Judgment affirmed. Deen, P. J., and Banke, P. J., concur.*

DECIDED OCTOBER 11, 1984.

Claude Smith, *pro se.*

*Timothy G. Madison, District Attorney, Larry Duttweiler, Assistant District Attorney*, for appellee.