## 75776. COLE v. THE STATE.
(366 SE2d 844)

SOGNIER, Judge.

Appellant was convicted of theft by taking and he appeals.

1. In his first two enumerations of error appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that on June 28, 1986, appellant gave the Southern Lincoln-Mercury car dealership a $200 deposit on a used 1986 Lincoln Continental; the deposit was made so the car would not be sold to someone else while appellant was arranging financing, and was to be applied to the purchase price. When appellant was unable to get financing by July 12, 1986, the sales manager allowed appellant to take the car, because the sales manager had known appellant for a year and a half, and had no reason to believe appellant could not obtain financing for the car. However, the car was given to appellant with the understanding that he would obtain financing in three or four days. Despite appellant's frequent assurances that there was no problem and he would obtain financing, he was unable to do so. Shortly after obtaining possession of the car appellant went to Kentucky and Tennessee where he owned property, although the sales manager testified that appellant had no authority to take the car out of the state. No one seemed to know specifically where appellant could be located, and on September 5, 1986, the owner of the dealership took out a criminal warrant charging appellant with theft by taking. He was arrested in Covington, Kentucky, on September 19, 1986, and the car was impounded. Appellant was released on bond but contested extradition and later went to Knoxville, Tennessee, where he was arrested on a fugitive warrant in mid-November 1986. Appellant waived extradition and was returned to DeKalb County and jailed on November 16, 1986.

Appellant testified that it was never his intention to take the car and not pay for it. He testified that he owned coal property in Kentucky and expected to get money to pay for the car by leasing mining rights to the property. However, he had been unable to negotiate mining leases before he was arrested. Another witness testified that he had personally verified appellant's ownership of the land, and that the coal on the property was worth approximately $100,000,000.

Appellant was charged with theft by taking and theft by conversion; he was found guilty of theft by taking. Appellant argues that the evidence established clearly that he was in lawful possession of the car, and therefore, he could only be guilty of theft by conversion, not theft by taking. Thus, appellant argues that the evidence is not sufficient to sustain his conviction of theft by taking. This argument is not well taken. We have held that the phrase "regardless of the manner in which the property is taken or appropriated," found in the theft by taking statute (OCGA § 16-8-2), "renders the section sufficiently

broad to encompass thefts or larcenies perpetrated by deception . . . and theft by conversion . . ." *Jones v. State*, 137 Ga. App. 612, 613 (4) (224 SE2d 473) (1976); *Ray v. State*, 165 Ga. App. 89, 91 (1) (299 SE2d 584) (1983).

The basic facts in this case as to how appellant obtained possession of the car are not in dispute, and the only real issue in the case was appellant's intent, which was a question for the jury. *Cade v. State*, 180 Ga. App. 314, 316 (3) (348 SE2d 769) (1986). Hence, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by failing to act on the prosecutor's misconduct in placing appellant's arrest record before the court. Appellant made no objection to questions about his arrest record, and it is well settled that this court cannot consider questions raised for the first time on review. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

3. Appellant alleges the trial court erred by charging on flight because there was no evidence of flight. This allegation is not supported by the transcript, which shows that appellant took the car out of state, that no one seemed to know specifically where he was, and he was finally arrested on a criminal warrant in Kentucky. He contested extradition and ultimately went to Tennessee while free on bond, and was arrested on a fugitive warrant in Tennessee some six weeks later. Such evidence is, to say the least, some evidence of flight, and where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. *Fredericks v. State*, 172 Ga. App. 379, 380 (2) (323 SE2d 265) (1984).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1988.

*Carl Greenberg*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Helen A. Pryles, Assistant District Attorneys*, for appellee.