## A93A1313. DENNY v. THE STATE.
### (436 SE2d 526)

POPE, Chief Judge.

Defendant was convicted by a jury of burglary. Following denial of his motion for new trial, he appealed.

The victim testified that she arrived home to find the front door of her house open and a strange car in her driveway. After slamming her car door, she saw two men wearing jeans run out from the back of her house into the woods. She took the keys from the strange car in the driveway and called 911. One of the men — defendant's co-defendant — returned for his car and finding the keys gone, simply waited for the police to arrive. Detective Matt Fletcher, who was in charge of the investigation, testified that several police units responded quickly to the victim's 911 call. After putting the co-defendant in one of the police cars, six or seven officers searched the woods behind the house for the second man. They found defendant about 55 yards from the house, hiding underneath a layer of pinestraw. The co-

defendant pled guilty and testified for the State, identifying defendant as the second man the victim had seen running from the house.

1. Defendant contends that his alleged accomplice's testimony against him was not sufficiently corroborated under OCGA § 24-4-8. However, the co-defendant's testimony that defendant was with him in the burglary was corroborated by the victim's statement that she was positive she saw two men run from the house into the woods and the fact that officers searching the woods just after the incident found defendant and no one else hiding there. Moreover, defendant admits he lied to the officers about what he was doing there when they found him. This independent evidence sufficiently connects the accused with the crime and tends to show his participation therein. See *Tucker v. State*, 205 Ga. App. 683 (423 SE2d 422) (1992). Accordingly, this enumeration of error is without merit.

2. We also reject defendant's argument that the trial court should not have allowed the detective in charge of the investigation to remain in the courtroom throughout the trial without requiring the State to call him as its first witness. See OCGA § 24-9-61. When the prosecutor states that he needs the presence of an investigator for the presentation of the case and that to require him to testify first would interfere with the orderly presentation of the case, the trial court has discretion to except that investigator from the rule of sequestration. *Blalock v. State*, 250 Ga. 441 (1) (298 SE2d 477) (1983). The prosecutor so stated in this case, and the trial court did not abuse its discretion.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 27, 1993.

*Crumbley & Crumbley, James T. Chafin III*, for appellant.
*Tommy K. Floyd, District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.