A98A1108. ROMANO v. THE STATE.
(503 SE2d 380)

MCMURRAY, Presiding Judge.

Defendant was charged in an indictment with a single count of theft by taking (motor vehicle), in that "after being in lawful possession of the property of Thomasville Sales Company, to-wit: a 1994 Toyota Camry, [defendant did] unlawfully appropriate said property with the intention of depriving [the] owner of [the] property. . . ." The evidence at defendant's jury trial, including his custodial statement, revealed the following: James Otis Duke, Jr., the Floor Manager of Thomasville Sales Company, testified that defendant worked there as a salesman. Defendant "requested permission to take [a 1994 Toyota Camry belonging to Thomasville Sales Company] and to

show it to a potential customer." Defendant's permission or authority to take the car was "[o]nly for the purpose of showing it, . . . in Thomasville, . . . [and not to] drive it anywhere else[.]" Specifically, defendant did not have permission to drive the vehicle to Mississippi or Louisiana or to Mitchell County, Georgia. Randall Vincent Lyons, the Sales Manager, clarified that defendant was to "[r]eturn it [the car] the following morning if he didn't sell it." The vehicle was valued at $10,800.

Special Agent John White of the Georgia Bureau of Investigation assisted the Mitchell County Sheriff's Office in the investigation of a double homicide "right outside of Meigs, Georgia . . . [at] a double wide mobile home that was out in the rural area of the county." The victims were defendant's female friend, "Vicki H. White, a . . . female, forty-six years of age. And Michael Rogers, a . . . male, forty-four years of age." Each was killed by "[g]unshot wounds to the head." After learning from family members that defendant's relationship with the victim Vicki H. White was "troubled . . . [investigators] immediately began looking for [defendant]." While Special Agent John White was interviewing employees at Thomasville Sales Company, defendant telephoned "and asked for [Agent White] personally. . . . [When the latter answered, defendant] immediately told [Agent White] where he was [Denver, Colorado] and that he wanted to tell [Agent White] what had happened because it was not what it appeared. And then [defendant] made a verbal statement . . . outlying the events surrounding the homicide." He also advised the missing vehicle was "at the parking lot in New Orleans at the airport[, with] the murder weapon . . . in the glove compartment. . . ." Defendant agreed to turn himself in to the authorities in Orlando, Florida. There, defendant gave a custodial statement.

Defendant told investigators he discovered his female friend, Vicki H. White, had another boyfriend, Michael Rogers. In a jealous rage and armed with a pistol, defendant drove the Toyota to White's mobile home. Defendant did not want Rogers to recognize his car. Defendant confronted White and Rogers while he "had the gun out. . . . [Defendant] burst out crying [and] took [his] glasses off. . . . [He] put the gun down and . . . told [them he was] not [t]here to hurt anybody, [they are] gonna talk. [Defendant] started crying and put [his] hands up. [Rogers] jumped from the chair, grabbed the gun, walked over to where [White] was, asked her to say whether or not it was true. Vicki, she never said a word. She just sat there." According to defendant, Rogers shot White and then pointed the gun at defendant. "For some reason [Rogers] turned the gun, shot her again. [Defendant] jumped up [and] hit [Rogers] in the back because he had had [recent] back surgery. [Rogers] dropped the gun. [Defendant] grabbed the gun and [Rogers] started going to the door.

[Defendant] yelled at him stop, you better stop. I'm gonna shoot you. [Rogers] didn't stop and [defendant] shot [him]. . . . [Rogers was still] making noise, [and so defendant] shot him again." Defendant picked up the Thomasville sales company car and went home. He "called work and told . . . them [he] would be in in a little while. [Then, he] just got in the car and drove." He cashed a check for $400, and then drove to Biloxi, where he and White had once lived. Special Agent Edward Ricks of the Georgia Bureau of Investigation and Investigator Tommy Butler of the Mitchell County Sheriff's office retrieved the missing vehicle from Jefferson Parish in Harvey, Louisiana.

The jury found defendant guilty on the sole count of theft by taking (motor vehicle). His motion for new trial was denied and this appeal followed. *Held*:

1. Defendant first contends the trial court erred in permitting the State to introduce defendant's custodial statement, implicating him in the Mitchell County homicides, during his Thomas County trial for theft by taking (motor vehicle). The precise objection urged in support of defendant's motion in limine was that defendant "was never at any time advised that this [theft by taking (motor vehicle)] case was pending or that he was being charged with theft of this vehicle. For [the custodial statement] to come in would be extremely prejudicial for the jury to hear this. They're liable to convict him for a crime he still has the presumption of innocence on. The trial court determined defendant's statement was relevant as proof of motive and as proof of the entire res gestae, and further ruled the probative value of that statement outweighed any possible prejudicial impact, and so admitted the statement.

" 'The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible.' [Cits.] However, where such evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime or to the concealment of the crime or the identity of the perpetrator thereof, such evidence is admissible as an exception to this general rule. [Cits.]" *Spurlin v. State*, 228 Ga. 2, 4 (4), 5 (183 SE2d 765). " 'The (S)tate is entitled to present evidence of the entire res gestae of the crime. . . . (E)very aspect of it relevant to the crime charged may be presented at trial. (Cit.) This is true even if the defendant's character is incidentally placed in issue.' *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625) (1987)." *Story v. State*, 194 Ga. App. 187, 188 (2) (390 SE2d 96). Evidence material to the issue of the case is not inadmissible because it incidentally puts the defend-

ant's character in issue. *Whippler v. State*, 218 Ga. 198, hn. 3 (126 SE2d 744). In the case sub judice, the trial court correctly ruled defendant's statement contained relevant evidence of motive and of the entire res gestae. We further conclude the trial court did not abuse its discretion in ruling the probative value of that relevant evidence substantially outweighed its prejudicial impact.

2. Defendant enumerates the denial of his motion for directed verdict of acquittal, arguing there was no proof of any intent to deprive the owner Thomasville Sales Company of the car.

The phrase " 'regardless of the manner in which the property is taken or appropriated,' found in the theft by taking statute (OCGA § 16-8-2), 'renders the [Code] section sufficiently broad to encompass thefts or larcenies perpetrated by deception . . . and theft by conversion. . . .' [Cits.] The basic facts in this case as to how [defendant] obtained possession of the car are not in dispute, and the only real issue [in the theft by taking trial] was [defendant's] intent, which was a question for the jury. [Cit.]" *Cole v. State*, 186 Ga. App. 243 (1) (366 SE2d 844). In the case sub judice, defendant lied to his employer to get initial possession based on a fraudulently induced consent. Thereafter, defendant did not use his own car to flee the state but took his employer's vehicle, abandoning it at the New Orleans airport while defendant continued on to seek refuge in Denver. From these circumstances, the jury could infer the criminal intent to deprive the owner of its property. Consequently, the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of theft by taking (motor vehicle) as alleged in the indictment. *Cole v. State*, 186 Ga. App. 243 (1), 244, supra.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 29, 1998.

*Andrews & Seery, Stanaland A. Seery*, for appellant.
*J. David Miller, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.