## A98A0894. BAKER v. THE STATE.
### (507 SE2d 475)

BEASLEY, Judge.

Baker was found guilty of receiving stolen property consisting of "Georgia lottery . . . ticket #225 from Lucky Joker and of a value greater than $500.00." A ten-year non-parolable felony sentence was imposed, pursuant to OCGA §§ 16-8-12 (a) (1) and 17-10-7 (c) (recidivist). He contends the evidence was insufficient to show that the value of the ticket exceeded the specified sum.

The State's witnesses included Robinson, the owner of the New Deal convenience store which retails lottery tickets, and Clardy, an investigations manager employed in the security department of the Georgia Lottery Corporation. Their testimony showed that the Lucky Joker is an instant scratch-off lottery ticket sold to the public for $1.

When instant lottery tickets are activated, they become the financial responsibility of the retailer and redeemable by the holder. If a pack of tickets is reported to the Lottery Corporation as stolen, the status of the tickets can be changed by computer from activated to invalid, thereby blocking their redemption by eliminating their winning value.

Robinson testified that around 5:00 a.m. on October 2, 1996, there was a break-in at his store and approximately 2,000 activated instant lottery tickets were stolen. Robinson reported the theft of the tickets to the Lottery Corporation at approximately 8:00 a.m. the same day. Vaughn, an employee of the Coastal Food Mart which sells lottery tickets, testified that at 6:00 a.m. that day, two men appeared at the store where she worked and cashed approximately $100 in winning lottery tickets. One of the men attempted to redeem a winning $5,000 Lucky Joker ticket, which Vaughn identified as Lucky Joker ticket no. 225. He was told he would have to redeem a ticket for that amount at the Georgia lottery office in downtown Atlanta, with identification. He offered to sell the ticket to the store owner for $2,500. His offer was declined.

Between 10:00 and 11:00 a.m. on October 2, Baker was videotaped attempting to redeem the stolen Lucky Joker ticket no. 225 at the downtown lottery office. Clardy, investigations manager in the security department, confronted Baker and asked where he purchased the ticket. Baker said he bought it the day before at a Majik Market-type convenience store.

Baker's mother, Wade, also appeared as a State's witness. She transported Baker to the lottery office so he could redeem the ticket. According to Wade, Clardy told Baker that DeKalb County police detective Johnson was conducting an investigation of the matter, resulting in Wade taking Baker to see Johnson after leaving the lottery office. From there, they proceeded to the Coastal Food Mart. Although Wade testified that she took her son there because of information provided by Johnson, she also testified that Baker told her that the female employee at that store had told him that the ticket was valid but that he would have to go to the downtown lottery office to cash it.

After Clardy completed his investigation and reported his findings to the DeKalb County police, Detective Johnson prepared a photographic array which included a picture of Baker and showed it to Vaughn, the Coastal Food Mart employee. But she failed to identify Baker as one of the men who had tried to redeem the ticket at her store and selected another person instead.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received,

disposed of, or retained with intent to restore it to the owner."[1] While value thus is not an element of this crime, it is relevant for the purpose of distinguishing between a misdemeanor and a felony for sentencing.[2] In this regard, OCGA § 16-8-12 (a) provides that a person convicted of this offense shall be punished as for a misdemeanor but if "the property which was the subject of the theft exceeded $500.00 in value," the crime may be punishable as a felony.[3] The cost of the property to the owner, although relevant on the question of value, is not the ultimate determinant.[4] The value of property which is the subject of the theft is the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property.[5] The defendant is chargeable with a felony if the stolen property exceeds $500 in value under the above criteria; there is no requirement that the value of the property be known to the defendant either when he received the property or thereafter.

Construed in a light most favorable to the verdict,[6] the evidence authorized a jury to find that Baker was the person who attempted to redeem the lottery ticket at the Coastal Food Mart at 6:00 a.m. and thus was in receipt of the ticket at a time when it still had a redemption value of $5,000. The evidence is, therefore, sufficient to support his conviction.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 25, 1998 —
RECONSIDERATION DISMISSED OCTOBER 26, 1998 —

*James D. Michael*, for appellant.
Dexter S. Baker, *pro se*.
*J. Tom Morgan, District Attorney, Elisabeth G. Macnamara, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.

---

[1] OCGA § 16-8-7 (a).
[2] Id.
[3] See *Ayers v. State*, 164 Ga. App. 195, 197 (2) (296 SE2d 772) (1982).
[4] See *Dunbar v. State*, 146 Ga. App. 136 (2) (245 SE2d 486) (1978).
[5] See generally 50 AmJur2d 58-59, Larceny, § 50 (1995).
[6] E.g., *Jowers v. State*, 225 Ga. App. 809, 810 (1) (484 SE2d 803) (1997).