## A99A1865. DENSON v. THE STATE.
### (523 SE2d 62)

BLACKBURN, Presiding Judge.

Following a jury trial, Roy Eugene Denson appeals his conviction of theft by receiving stolen property, contending that the State failed to establish an essential element of the offense and failed to introduce evidence of the value of the stolen property as required by OCGA § 16-8-12. The State proved the offense but failed to prove the value of the stolen property exceeded $500. Therefore, we affirm the conviction, vacate the sentence and remand the case for resentencing as a misdemeanor.

1. Denson contends the State failed to prove the essential elements of the crime.

A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

OCGA § 16-8-7 (a). Denson argues that the evidence failed to establish that he "knew or should have known" the property was stolen.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Denson] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State*, 235 Ga. App. 170 (509 SE2d

93) (1998). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence at trial showed that late one evening, Denson brought a flatbed trailer to the home of John Privette and asked for help in transporting the trailer to his own home. Denson told Privette the flatbed trailer had been taken from a parking lot. Denson also asked Privette for some paint so he could paint the trailer to disguise it. This evidence authorized the jury's finding that Denson knew or should have known the trailer was stolen and was sufficient evidence to support the conviction. See *Jackson*, supra.

2. Denson also contends that the State failed to produce evidence of the value of the flatbed trailer as required by OCGA § 16-8-12. Value is not an element of theft by receiving, but value is relevant for distinguishing between a misdemeanor and a felony for sentencing. OCGA § 16-8-7; *Jackson v. State*, 267 Ga. 130, 131 (3) (475 SE2d 637) (1996).

At trial, the owner of the flatbed trailer testified that he purchased the trailer "new" for $850. There was no evidence that the owner was familiar with the value of a flatbed trailer or that particular flatbed trailer. Under these circumstances, the testimony by the owner concerning the purchase price, absent any other evidence of value, is insufficient evidence to establish that the value of the trailer exceeded $500. *Baker v. State*, 234 Ga. App. 846, 848 (507 SE2d 475) (1998); *Searcy v. State*, 163 Ga. App. 528 (2) (295 SE2d 227) (1982). However, the evidence supported a finding that the flatbed trailer had some value.

The State is to be commended for its candor in acknowledging the fact that the specific value was not proved and in recommending that the sentence be vacated and the case be remanded for misdemeanor sentencing. For the above reasons, we vacate the sentence herein and remand the case for misdemeanor sentencing. *Searcy*, supra.

*Judgment affirmed, sentence vacated and case remanded. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 29, 1999.

*Thomas E. Stewart, Vincent C. Crawford*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.