### A00A1003. CHASTAIN v. THE STATE.
(535 SE2d 25)

BARNES, Judge.

Steve Eugene Chastain was convicted of theft by taking. In this appeal, he claims the evidence was insufficient to sustain the verdict. He also contends the trial court erred in recharging the jury and in refusing to exclude the victim's testimony after a purported violation of the rule of sequestration. Finding no merit to these assertions, we affirm.

Viewed in a light most favorable to the verdict, the evidence established that the theft of the victim's 1993 Toyota pickup truck occurred after Chastain had been a guest at the victim's home for two days. The victim permitted Chastain, his mother-in-law's friend, to stay with him and his family because Chastain had no money, steady job, car, or place to live.

The victim testified that when he went to bed at about 11:00 p.m. or 12:00 a.m., the keys to his truck were on the nightstand in his bedroom. Shortly after arising at 3:45 the next morning, the victim discovered that his keys, his truck, and Chastain had vanished.[1] Lacking transportation, the victim contacted his employer to explain that he could not get to work because his truck had been stolen. At about 9:00 a.m., Chastain telephoned. When asked if he had taken the truck, Chastain initially remained silent. But after the victim begged him to return the truck saying, "I have to make money for my family," Chastain finally responded, saying, "I'm sorry." When the victim demanded the truck's return, Chastain hung up. The victim then contacted law enforcement authorities to report the theft.

When Chastain telephoned a second time, he said, "Please don't have me locked up." The victim again asked him to bring his truck back and told Chastain he had already called the police. Shortly thereafter, Chastain returned the truck in a slightly damaged condition, and after confronting Chastain about the theft, the victim con-

---

[1] The victim also testified that $265 in cash was missing from his wallet that had been on the nightstand near the keys.

tacted police. As a sheriff's vehicle approached, Chastain fled out the back door. The victim denied giving Chastain permission to use or borrow his truck.

1. Chastain asserts the verdict was contrary to the evidence and justice and was against the weight of the evidence. When the general grounds are raised, this court considers only the sufficiency of the evidence. *Yawn v. State*, 237 Ga. App. 206 (515 SE2d 182) (1999). Therefore, we address only whether the evidence was sufficient to sustain a verdict that Chastain committed the offense of theft by taking. See *Romano v. State*, 233 Ga. App. 149, 152 (2) (503 SE2d 380) (1998). "A person commits the offense of theft by taking when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." OCGA § 16-8-2. Chastain took the truck without the owner's knowledge or consent and failed to return it when asked to do so. Since it is undisputed that Chastain did, in fact, take property belonging to another without lawful authority, the only real issue was intent to deprive the owner of the property, a question solely for the jury. *Cole v. State*, 186 Ga. App. 243, 244 (1) (366 SE2d 844) (1988).

In this context, to deprive means to withhold without justification the property belonging to another, either permanently or temporarily. *Smith v. State*, 172 Ga. App. 356, 357 (2) (323 SE2d 257) (1984). Once criminal intent at the time of taking is proven, it becomes irrelevant whether the deprivation is permanent or temporary. Id. Here, Chastain apparently slipped into the victim's bedroom during the dead of night while the victim and his wife were asleep, took the keys, then absconded with the truck. Whether Chastain subsequently got "cold feet" after being advised that authorities had been contacted and so returned the vehicle is irrelevant. Also, when the police arrived, Chastain fled immediately. See *Hogans v. State*, 251 Ga. 242 (1) (304 SE2d 699) (1983) (jury may consider whether flight constitutes some evidence of guilt). This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to authorize a jury's finding beyond a reasonable doubt that Chastain committed the crime of theft by taking. See *Romano*, supra.

2. Chastain contends the trial court erred by failing to exclude the victim's testimony after the rule of sequestration was violated.

The discussion at issue transpired before trial between the prosecutor and the victim, who was the State's only witness. Chastain claims that because two other potential witnesses were present in the courtroom and could possibly have overheard the conversation, this conduct violated the rule.

The purpose of the rule of sequestration, codified at OCGA § 24-

9-61, is to ensure that the testimony of a witness who has not yet testified is not influenced by that of another witness. *Childress v. State*, 266 Ga. 425, 431 (2) (467 SE2d 865) (1996). But this rule does not prohibit conversations between an attorney involved in a case and a prospective witness, provided that the attorney speaks with the witness separately and does not inform the witness about previous testimony. *Ross v. State*, 254 Ga. 22, 28 (4) (a) (326 SE2d 194) (1985). Further, a trial court is not required to enforce the rule of sequestration until the presentation of evidence has begun. *Blankenship v. State*, 258 Ga. 43, 46 (9) (365 SE2d 265) (1988). Since no person had yet testified, no violation of the rule could have occurred. See id.

3. Chastain alleges the trial court erred during its recharge by providing the jury with the definition of "depriving" instead of the entire charge on theft by taking.

During deliberations, the jury asked the court to explain the meaning of "intention of depriving said owner," and asked whether "depriving" meant in any form, either for an hour or permanently. The court then recharged the jury on the statutory definition of theft by taking and the legal meaning of "deprived" and defined "intent" and mistake of fact.

Where, as here, the jury requests further instruction upon a particular point of law, the court, in its discretion, may recharge the jury in full or only upon the point or points requested. *Bowley v. State*, 261 Ga. 278, 280 (3) (404 SE2d 97) (1991). No error occurred.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 18, 2000.

*Richard C. Sutton*, for appellant.
*James R. Osborne, District Attorney, Theo M. Sereebutra, Assistant District Attorney*, for appellee.