## A00A0966. KNIGHT v. THE STATE.
### (540 SE2d 254)

Miller, Judge.

Henry Allen Knight was charged with two counts of theft by taking, in that he "did unlawfully take 192 yards of Garnet Colored Slam Dunk Carpet, 200 yards of [half-inch] Rebound Pad," and other property of Dalton Carpet with a total value greater than $500 and in that he further "did unlawfully take one (1) GT Knee Kicker, one (1) Grundlach Tile cutter," and various other tools valued in excess of $500, the property of Drew Umholtz. Viewed in the light most favorable to the jury's verdicts, the evidence revealed the following:

Umholtz was a carpet and vinyl flooring subcontractor for various projects with Dalton Carpet. As of June 1998, Umholtz had worked ten or more such carpet jobs with defendant Knight, another installer for Dalton. On June 22, 1998, having completed one job, Umholtz and Knight drove to the Dalton Carpet shop and loaded carpet, padding, and plank wood flooring into Knight's van. Also in Knight's van were several tools[1] that Umholtz would sometimes loan to Knight to complete a job if the two separated. Knight was supposed to stay overnight with an uncle in Atlanta and then drive straight to the job site, where he would meet Umholtz at 9:00 a.m. The next morning, Umholtz arrived at the site on time but did not see Knight. After waiting two hours, Umholtz left Knight a note, instructing him to get the house stripped and padded so they could install the carpet the next day. But Umholtz never saw Knight that day or the next, when he installed replacement carpet himself. His tools have never been recovered.

Similarly, Dalton Carpet never received any accounting or reimbursement for the $1,375 worth of materials loaded into Knight's van. Knight did not have permission to pick up materials and then fail to apply them to the specified job. After three or four days, the president of Dalton Carpet swore out a warrant.

In three related enumerations of error, Knight contends he cannot, as a matter of law, be guilty of theft by unlawful taking as

---

[1] Umholtz itemized a GT knee-kicker, a "gun latch [sic]" tile cutter, a hammer, a carpenter square, a stair tool, two stretcher poles, and a trowel notcher, valued at $640 in total.

alleged in the indictment, arguing there is no evidence that he possessed the requisite intent to steal at the time he acquired possession of the property. Rather, he claims to have been unfairly convicted of the unindicted offense of theft by unlawful appropriation. So, he urges, the evidence is insufficient. We disagree.

1. To "[d]eprive," as used in Title 16, Chapter 8, Article 1, means in part "[t]o withhold property of another permanently or temporarily."[2] Knight correctly notes that, since the indictment charged him with theft by unlawful taking under OCGA § 16-8-2 rather than theft by unlawful appropriation, the State must prove, beyond a reasonable doubt, that Knight possessed the requisite intent to deprive the owners of their property at the time of taking, that is, at the time Knight received possession of the materials and tools at the Dalton Carpet shop.[3]

2. "The love of gain, the desire to get and have, is so wide a principle of human nature, that other motives being eliminated, that remains as a sort of residuary solvent of conduct."[4] The possession of another's valuable property can support an inference of the intent to steal, particularly when no other motivation is apparent.[5] And departure from the State (or disappearance within the State) after the crime can authorize a finding of consciousness of guilt.[6] So the fact that Knight accepted a load of valuable carpeting material into his van, possibly made up a story about staying with an uncle in Atlanta, and then disappeared with said material (and his co-worker's tools), never to be seen again before trial, is sufficient to authorize a rational trier of fact to conclude that Knight had the requisite intent to deprive Dalton Carpet and Umholtz of their respective property *at the moment he received possession* at the Dalton Carpet shop. It follows there is no fatal variance between the allegations of the indictment and the proof adduced at trial. The evidence is sufficient under the standard of *Jackson v. Virginia*[7] and OCGA § 16-8-2 to authorize Knight's conviction for theft by unlawful taking.[8]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 6, 2000.

*Joel N. Shiver*, for appellant.

---

[2] OCGA § 16-8-1 (1) (A).

[3] *Spray v. State*, 223 Ga. App. 154, 156 (1) (476 SE2d 878) (1996).

[4] *Steadman v. State*, 81 Ga. 736, 737 (2) (8 SE 420) (1888).

[5] See, e.g., *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873) (1993) (presence of valuables in house is sufficient evidence of intent to commit theft to uphold burglary conviction).

[6] See *Renner v. State*, 260 Ga. 515, 517 (3) (a) (397 SE2d 683) (1990).

[7] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[8] *Chastain v. State*, 244 Ga. App. 84, 85 (1) (535 SE2d 25) (2000).

*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney,* for appellee.