### A01A0856. WATERS v. THE STATE.
(555 SE2d 859)

BARNES, Judge.

Michael Waters appeals from his convictions of theft by taking property with a value in excess of $500, simple battery, criminal trespass, and criminal use of an article with an altered identification mark, asserting, essentially, insufficiency of the evidence. For the reasons that follow, we affirm in part, reverse in part, vacate the theft by taking conviction, and remand with direction.

Viewed in the light most favorable to the conviction, the record shows that, in connection with a dispute over a bill Waters presented to Barbara Fratt for his time and reimbursement for purchases, he removed from Fratt's barn one of her saddles and some other items of her property. Fratt testified that she could probably sell the saddle for $1,500 to $1,800, that she had bought it new in 1972 for "about"

---

$2,500, and that it had "escalated" in value. Returning to Fratt's farm later that day, Waters pushed her stepdaughter with his hands on the front of her shoulders in order to move past her. Additionally, he entered Fratt's barn after her stepdaughter told him that he was trespassing, that he was "not welcome here," and that "I'm not going to allow you to trespass or go up to the barn at this point." Finally, Waters removed from the saddle a name plate bearing Fratt's maiden name.

1. (a) The elements of theft by taking relevant to this case are (1) an unlawful taking of property of another (2) with the intention of withholding the property without justification permanently or temporarily. OCGA §§ 16-8-2; 16-8-1 (1) (A). Waters asserts that he "acted under the impression that he had a right to retain [sic] the saddle since Fratt refused to pay him $1,054 which she owed him. . . ." Thus, he argues, "there simply is no evidence in the record of criminal intent." He cites no authority for the proposition that this impression would excuse what would otherwise be a theft by taking, and, in fact, it has long been the rule that "[o]ne can not collect a debt due him by taking the property of another in payment thereof without the owner's consent." (Citation omitted.) *McKenzie v. State*, 8 Ga. App. 124, 125 (3) (68 SE 622) (1910) (affirming a conviction of larceny after trust). We see no distinction between taking property in payment of a debt and, as appears to be the case here, taking property to hold hostage for the payment of a debt. Moreover, we recently wrote, in affirming a conviction for theft by taking:

> Since it is undisputed that [the defendant] did, in fact, take property belonging to another without lawful authority, the only real issue was intent to deprive the owner of the property, a question solely for the jury. In this context, to deprive means to withhold without justification the property belonging to another, either permanently or temporarily. Once criminal intent at the time of taking is proven, it becomes irrelevant whether the deprivation is permanent or temporary.

(Citations omitted.) *Chastain v. State*, 244 Ga. App. 84, 85 (1) (535 SE2d 25) (2000). Accordingly, we find the evidence sufficient to show Waters' criminal intent.

(b) Waters also raises the question whether the State proved that the value of the saddle exceeded $500. Under OCGA § 16-8-12 (a) (1), a person convicted of theft by taking "shall be punished as for a misdemeanor," except that if the stolen property had a value in excess of $500, the court may impose a sentence of one to ten years. Here, Waters was sentenced on the theft by taking charge to serve

five years on probation as a first offender.

As noted, Fratt testified that she could probably sell the saddle for $1,500 to $1,800, that she bought it new in 1972 for "about" $2,500, and that it had "escalated" in value. Evidence of purchase price, standing alone, is insufficient to establish the property's value. *Denson v. State*, 240 Ga. App. 207, 208 (2) (523 SE2d 62) (1999). And because Fratt gave no basis or reason for her opinion as to the saddle's current fair market value, the State's evidence as to value is insufficient to support a felony theft by taking conviction. *Gamble v. State*, 160 Ga. App. 556, 557 (2) (287 SE2d 593) (1981). However, because the evidence does support a misdemeanor theft by taking charge, we vacate the felony conviction and remand with the direction that a conviction and sentence be entered for the misdemeanor offense. *Hogan v. State*, 193 Ga. App. 543 (1) (388 SE2d 532) (1989).

2. As relevant to this case, simple battery is committed when a person "[i]ntentionally makes physical contact of an insulting or provoking nature with the person of another." OCGA § 16-5-23 (a) (1). Here, Waters was charged with intentionally making such contact with Fratt's stepdaughter, and the evidence he pushed her while attempting to move past her during a dispute over nonpayment of his bill is sufficient to sustain his conviction of simple battery under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, we affirm that conviction.

3. The indictment charged that Waters knowingly and without authority entered Fratt's barn after receiving notice from an authorized representative, her stepdaughter, that such entry was forbidden. The elements of criminal trespass are that a person (1) knowingly and without authority (2) enters upon the premises of another (3) after receiving notice from an authorized representative of the property owner that such entry is forbidden. OCGA § 16-7-21 (b) (2). The record supports the first two elements, but it is devoid of evidence that Fratt's stepdaughter was her authorized representative. We do not address whether a stepchild is or is not an authorized representative generally, but conclude that, in this case, the State failed to present any evidence on the issue of authorization. Accordingly, we must reverse the conviction of criminal trespass. *Jackson v. State*, 242 Ga. App. 113, 114 (528 SE2d 864) (2000).

4. The elements of criminal use of an article with an altered identification mark, as relevant to this case, are possessing a designated article of apparatus or equipment from which the possessor "knows the manufacturer's name plate, serial number, or any other distinguishing number or identification mark has been removed for the purpose of concealing or destroying the identity of such article." OCGA § 16-9-70 (a). Waters argues, in substance, that "manufacturer's" modifies "any other distinguishing number or identification

mark" as well as "name plate" and "serial number," and we agree that that construction comports with the grammatical structure of the quoted clause. Additionally, the State cites no cases supporting its position that "manufacturer's" modifies only the first two phrases. Waters cites a number of cases involving OCGA § 16-9-70 and correctly points out that none of them relates to a number or identification affixed by a user or owner. We have also reviewed all other cases citing that section and its predecessor in Code 1933, § 26-1506, and have found no instance involving a number or identification affixed by a user or owner. When "the statutory language is plain and does not lead to absurd or impracticable consequences, the court simply construes it according to its terms and conducts no further inquiry." *Ghai v. State*, 219 Ga. App. 479 (465 SE2d 498) (1995). In view of the plain language of OCGA § 16-9-70 (a), we hold that it applies only to a *manufacturer's* number or identification information and accordingly reverse Waters' conviction of this charge.

Although not argued by the parties, we further note that a saddle is not one of the specified items in OCGA § 16-9-70 (a) and does not fall within this Code section's catchall description of "any other mechanical or electrical device, appliance, contrivance, material, or piece of apparatus or equipment." A saddle is not mechanical or electrical in nature and therefore is not the type of article covered by OCGA § 16-9-70 (a).

In conclusion, Waters' conviction for simple battery is affirmed, his convictions for criminal trespass and criminal use of an article with an altered identification mark are reversed, his conviction for theft by taking property with a value in excess of $500 is vacated, and the case is remanded with direction that a conviction and sentence be entered for the misdemeanor offense of theft by taking.

*Judgment affirmed in part, reversed in part, vacated in part and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 30, 2001.

*Frank W. Hamilton, Gary C. Harris*, for appellant.
*Philip C. Smith, District Attorney*, for appellee.

