A01A2506. GLAZE v. THE STATE.
A01A2507. HANEY v. THE STATE.
(559 SE2d 90)

MIKELL, Judge.

Thomas Ray Glaze and Calvin Daniel Haney II were charged with burglary, kidnapping, false imprisonment, battery, and simple battery. The cases were tried together, and a Bartow County jury convicted Glaze of burglary, kidnapping, battery, and simple battery and Haney of burglary, false imprisonment, battery, and simple battery. On appeal, Glaze challenges the sufficiency of the evidence with respect to each of his convictions, while Haney asserts as error the trial court's denial of his motion for mistrial and his motion for directed verdict as to his burglary charge. We affirm.

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.[1]

Construed most favorably toward the verdict, the evidence shows that Karen McCollum, former girlfriend of defendant Glaze, stayed with Sean Godfrey at his mobile home on the evening of August 22, 2000. McCollum testified that she was awakened after 10:00 p.m. when she heard someone enter the house and another person step onto the front porch. Shortly thereafter, Glaze, whom McCollum refers to as "Bubba," opened the door to the bedroom, where she and Godfrey were in bed.

McCollum and Godfrey testified that Glaze attacked them. As McCollum tried to escape, defendant Haney, who was standing in the doorway, pushed her back into the bedroom, causing her to fall. As Glaze started to hit McCollum again, Godfrey dove out of the window. When asked about her injuries, McCollum testified that her face was swollen and that she had bruises and knots on her body.

Godfrey testified that after escaping through the window, he went to the home of his neighbor, Ed Norris. Norris testified that Godfrey trailed blood on Norris's porch and in his house. Norris contacted the police, but before they arrived, he saw Glaze drag McCollum out of Godfrey's trailer by her hair and her arm and then beat her. Godfrey also testified that he saw Haney and Glaze drag McCollum by her hair from his house to their vehicle and drive off.

Glaze testified that he planned to plead guilty for battering Godfrey, but Glaze denied that he hit McCollum. He also testified that McCollum wanted to leave with him and Haney. He could not say, however, that he did not touch McCollum as she entered the car.

### Case No. A01A2506

As stated earlier, Glaze was convicted of burglary, kidnapping, battery, and simple battery. In his sole enumeration of error, he argues that the evidence was insufficient as to each conviction. We disagree.

OCGA § 16-7-1 (a) provides, in relevant part, "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the

---

[1] (Citations and punctuation omitted.) *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997).

dwelling house of another." Glaze argues that the state did not prove that he entered the house without authority. He contends that the residence belonged to Robert Weatherford and was never locked because it was considered a local hangout. Conversely, the evidence showed that Godfrey and Weatherford rented the residence from Godfrey's mother, who was the manager of the mobile home park. Godfrey testified that he did not give Glaze permission to enter his home. Other than Glaze's testimony, there was no evidence to support his position that Weatherford gave him permission to enter the home. Because "the testimony of a boarder or renter is sufficient to prove lack of authority or permission to enter a dwelling place,"[2] any rational trier of fact could have concluded that Glaze entered the premises without consent.

Glaze also argues that there is no evidence that he intended to commit a theft or felony when he entered the residence. Glaze testified, however, that he and Haney went into the house to look for someone to "front" them either cocaine or methamphetamine, which they would pay for on the following Friday. Purchasing a controlled substance such as cocaine is a felony.[3] The fact that the felony was not completed does not render the evidence of Glaze's intent insufficient.[4] Accordingly, the evidence was sufficient to authorize Glaze's burglary conviction.

Glaze contends that the evidence was insufficient on the kidnapping, battery, and simple battery charges as well. Again, we disagree. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will."[5] There was evidence in the record that Glaze kidnapped McCollum.

Glaze was charged with committing battery and simple battery against McCollum. A person commits simple battery when he or she intentionally causes physical harm to another.[6] Battery involves intentionally causing substantial physical harm or visible bodily harm to another.[7] Based on McCollum's, Godfrey's, and Norris's testimony, any rational trier of fact could have found Glaze guilty beyond a reasonable doubt of kidnapping, battery, and simple battery. Accordingly, we affirm Glaze's convictions.

---

[2] *Black v. State*, 143 Ga. App. 690, 691 (239 SE2d 564) (1977).
[3] OCGA § 16-13-30 (e); see OCGA § 16-13-26 (1) (D).
[4] *Johnson v. State*, 262 Ga. 441, 442 (1) (421 SE2d 70) (1992).
[5] OCGA § 16-5-40 (a).
[6] OCGA § 16-5-23 (a) (2).
[7] OCGA § 16-5-23.1.

## Case No. A01A2507

1. In his first enumeration of error, Haney contends that the trial court erred in denying his motion for a mistrial because the state read a portion of an inadmissible and prejudicial letter to the jury. We disagree.

> The trial court's ruling on [a] motion for mistrial will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact and/or the jury indicates that it can follow the instructions and will not consider any improper prejudicial statements or testimony.[8]

During the direct examination of Belinda Spurgeon, who was Glaze's girlfriend at the time of the incident, the state read the statement, "I will always love you," from a letter that Glaze wrote to McCollum in January 2001. The prosecutor then asked Spurgeon, "Did you know he's writing letters to Karen telling her how much he loves her and he didn't mean to do these things to her?" Haney objected. The trial court sustained Haney's objection to the letter and gave the jury the following curative instruction:

> The letter was not written to this witness, and I would instruct you to disregard anything contained in this letter that has just been — a portion of which has been read. Is there any member of the jury who feels like they cannot follow that instruction and disregard that letter? If you don't feel that you can disregard it, raise your hand and let me know.

None of the jurors raised their hands.

Haney then moved for a mistrial, arguing that the manner in which the state used the letter caused the jury to believe that Glaze agreed with McCollum's version of the incident, which he contends prejudiced his defense. The trial court denied the motion, stating that it did not see how the state's references to the letter prejudiced Haney. We agree and find that in light of the trial court's curative instructions and the jury's indication that it could follow those instructions,[9] the trial court did not abuse its discretion in denying Haney's motion for mistrial.

---

[8] (Citations and punctuation omitted.) *Muzquiz v. State*, 260 Ga. 547, 548 (5) (b) (397 SE2d 703) (1990).

[9] Id.

2. In his remaining enumeration of error, Haney argues that the trial court erred by denying his motion for directed verdict as to the burglary charge because there was no evidence that he lacked permission to enter the premises. "On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction."[10]

Glaze raised this same argument in Case No. A01A2506. As the evidence against Haney is the same as that against Glaze, i.e., Godfrey did not give either of them permission to enter the house, we similarly conclude that any rational trier of fact could have found Haney guilty of burglary beyond a reasonable doubt.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 17, 2002.

*Perotta & Cahn, Kelley A. Dial,* for appellant (case no. A01A2506).

*Joshua D. Earwood,* for appellant (case no. A01A2507).

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.

---

[10] (Punctuation and footnote omitted.) *Mathis v. State,* 250 Ga. App. 500 (552 SE2d 97) (2001).