## A03A1615. HOWARD v. THE STATE.
(588 SE2d 793)

PHIPPS, Judge.

A jury found Jimmy Howard guilty of theft by taking two truck trailers containing tires. He appeals, arguing that the evidence was insufficient to support his conviction, that the trial court should have told the jury that the rule of sequestration had been violated, and that the court should have given an instruction on "bare suspicion." Finding no merit in these arguments, we affirm.

1. On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and we construe the evidence in

the light most favorable to the verdict.[1] We neither weigh the evidence nor assess the credibility of the witnesses; we simply determine whether there was some competent evidence, even though contradicted, to support each essential element of the state's case.[2]

The record shows that Preferred Transport & Distribution, a trucking company, was scheduled to distribute two loads of tires for a customer, Toyo Tires, Inc. Colin Brooks, a foreman at Preferred, sent Christopher Ryan Smallwood, a driver for Preferred, to Toyo to pick up two truck trailers that had been loaded with the tires. When Smallwood reached Toyo's loading dock, one of the trailers was missing. He went back to Preferred, then returned to Toyo with Brooks. When they arrived, the other trailer was missing, as well.

They drove back to Preferred and called the police and Preferred's owner, Ronald Pavuk. Officer Brian Osborne of the Cobb County Police Department responded to the call. Shortly thereafter, Brooks sent Smallwood back to Toyo "to secure the area." As Smallwood pulled into the loading dock, he saw that one of the missing trailers had been returned and that a large Freightliner tractor was pulling away from it. Smallwood immediately radioed the Preferred office, which was about one-quarter of a mile away.

Osborne and Pavuk arrived at Toyo in the police car as the Freightliner tractor was leaving the parking lot. Osborne activated his blue lights, but the tractor tried to steer around the police car. Finally, he drove the police car directly into the path of the tractor, and the tractor stopped. Osborne drew his gun and ordered the occupants — later identified as Howard and his co-defendant Leonard Graham — out of the tractor "three or four times," and after about two minutes they emerged. Pavuk testified that approximately 430 tires were missing from the trailer that had been returned. The other trailer was not recovered.

Howard told the police that he had pulled into Toyo's property because he had gotten lost while looking for a place to fix a tire on his tractor. But Brooks, Osborne, and another police officer at the scene testified that they did not see any damaged tires on the tractor. According to the police, Graham said that he and Howard had been headed to LaGrange or Dalton to pick up a load of carpet, and from there they were going "to Los Angeles — California rather, Phoenix or Las Vegas." Howard, on the other hand, said that he and Graham were going to Tennessee to pick up carpet, then returning to Atlanta.

After his arrest, Howard told an attending police officer, Lieutenant James Brown, that he needed to use the restroom. Brown

[1] *Glaze v. State*, 253 Ga. App. 349, 350 (559 SE2d 90) (2002).
[2] Id.; *Johnson v. State*, 259 Ga. App. 452, 453-454 (2) (576 SE2d 911) (2003).

escorted Howard to the restroom and watched "to make sure that he wasn't going to throw any kind of contraband or something like that into the toilet," but Howard did not relieve himself. Later, another police officer searched Howard and found in his pants pocket a handwritten note bearing the words "Toyo Tires" and containing directions to and a description of that business, as well as a description of a trailer "by color and company name."

(a) Howard argues that the state failed to prove that the crime occurred as alleged in the accusation, which charged him with unlawfully taking tires and *two* truck trailers. Howard points out that one trailer was returned, so only one was missing when he was arrested.

Under OCGA § 16-8-2, theft by taking occurs when a person "unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken. . . ." "Deprive" means to withhold another's property "permanently *or* temporarily."[3] "Intent to use the property of another without the owner's authorization evinces an intent to commit a theft. [Cit.]"[4] Because the evidence showed that two trailers were removed from Toyo's premises without authorization, the state proved the crime as alleged in the accusation. The fact that one trailer was withheld temporarily, and later returned with half its load missing, does not mean that that trailer was not "taken" within the meaning of OCGA § 16-8-2.

(b) Howard also asserts that the state failed to eliminate every reasonable hypothesis except his guilt.

> To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt. Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of [Howard's] guilt was a question for the jury. Only where the evidence is unsupportable as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial.[5]

Howard cites no evidence supporting any alternative reasonable hypotheses, and our review of the record discloses only one reasonable hypothesis — Howard's guilt. Howard and Graham were seen moments after having returned one of the missing trailers, and they

---

[3] (Emphasis supplied.) OCGA § 16-8-1 (1) (A); see also *Smith v. State*, 172 Ga. App. 356, 357 (2) (323 SE2d 257) (1984).

[4] *Smith v. State*, 253 Ga. App. 504, 505 (559 SE2d 537) (2002).

[5] (Citation omitted.) *Matthews v. State*, 257 Ga. App. 886, 887 (1) (572 SE2d 391) (2002).

subsequently tried to flee from the police. Howard's explanation for his presence at the scene — to repair a tire — was undermined by testimony that his tractor's tires were not damaged and by the discovery in his pocket of a note describing the crime scene. And Howard and Graham gave conflicting accounts of their travel plans. This evidence was sufficient to authorize Howard's conviction.[6]

2. Howard argues that the trial court should have instructed the jury that the rule of sequestration had been violated when police officer Brown, who remained in the courtroom during the trial, testified as a witness. Before trial, defense counsel invoked the rule of sequestration. At the beginning of the trial, the prosecutor introduced Brown — who was the lead investigator and also appeared on the state's witness list — to the jury and "said . . . that Brown would be with him throughout the trial." Brown testified as the third witness for the state. Shortly before Brown took the stand, defense counsel moved the court to instruct the jury that the rule of sequestration was being violated. The court ruled that Brown's testimony did not violate the rule and declined to give an instruction.

We find no error in the court's ruling. The purpose of the rule of sequestration is to prevent a witness who has testified from influencing a witness who has not.[7] "When the prosecutor states that he needs the presence of an investigator for the presentation of the case and that to require him to testify first would interfere with the orderly presentation of the case, the trial court has discretion to except that investigator from the rule of sequestration. [Cit.]"[8] Although in this case the prosecutor did not make a formal request at the start of trial to except Brown from the rule, the court stated that if the prosecutor had made such a request, the court would have granted it. Moreover, a review of the record shows that the subject matter of Brown's testimony did not overlap that of the preceding two witnesses, so there was no improper influence.[9]

3. Finally, Howard contends that the trial court erred by not giving his requested jury charge that bare suspicion of a defendant's guilt is not sufficient to authorize a conviction. The court, however, gave complete instructions on reasonable doubt, the presumption of innocence, circumstantial evidence, and mere presence at the crime scene. Because these charges covered the substance of the requested

---

[6] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] *Rogers v. State*, 257 Ga. 590, 593 (4) (361 SE2d 814) (1987).

[8] *Denny v. State*, 210 Ga. App. 406, 407 (2) (436 SE2d 526) (1993).

[9] See *Craft v. State*, 254 Ga. App. 511, 512-513 (2) (563 SE2d 472) (2002) (rule was not violated where witness's testimony was not influenced).

charge on bare suspicion, the court did not err by refusing to give the bare suspicion charge.[10]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 9, 2003.

*Robert H. Alexander III*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[10] See *Morrison v. State*, 220 Ga. App. 151, 154-155 (3) (b) (469 SE2d 686) (1996).
[1] OCGA § 24-2-3.