## A92A1937. SMITH v. THE STATE.
(428 SE2d 95)

COOPER, Judge.

Appellant was convicted by a jury of theft by taking property with a total value exceeding $500, theft by receiving stolen property, and two counts of giving false identification information to a law enforcement officer. He appeals from the trial court's denial of his amended motion for a new trial.

Viewed in a light most favorable to the verdict, the evidence presented at trial showed that as Judy and Neeley Melvin emerged from a bowling alley and approached their truck, they saw appellant reaching into Mr. Melvin's toolbox in the bed of the truck. When appellant saw them he moved away from the truck and walked toward them, engaging Mr. Melvin in conversation. Mrs. Melvin continued to the passenger side of the truck, where she found her husband's Makita circular saw lying on the ground in the place appellant had been. When she told her husband what she had found, appellant ran to the car parked next to the Melvins' truck, jumped in, and tried to drive off. However, Mr. Melvin stopped him and was able to hold him there until the police arrived. During subsequent questioning, appellant gave the police several different names and dates of birth. When the police checked the tag on appellant's car, they discovered the vehicle was stolen. They then arrested appellant and inventoried the car, discovering a red toolbox and numerous Snap-On and Craftsman tools belonging to Richard Schaeffer, another bowling alley patron who kept his tool box in the bed of his truck. Mr. Schaeffer testified that, based on what he had paid for the tools new, he estimated the value of the tools at $1,500 and the box at $150. He testified on cross-examination that the tools were in used rather than new condition, but also pointed out that the price of new tools had increased, so that the cost of the same tools today would be more than $1,500. In addition to hearing this testimony regarding the tools, the jury viewed a videotape of the stolen tools. The jury found appellant guilty of felony theft of Mr. Schaeffer's tools and toolbox, receiving a stolen car, and two counts of giving false information, but acquitted him of theft of Mr. Melvin's saw.

1. Appellant first contends that the evidence was insufficient to

prove felony theft because the record contains no expert testimony that the total value of the stolen goods exceeded $500. However, "[t]estimony of the owner of the value of stolen items based upon his experience in buying them, coupled with the jury's awareness of the value of 'everyday objects,' is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas. [Cits.]" *Moore v. State*, 171 Ga. App. 911, 912 (2) (321 SE2d 413) (1984). Although the tools had been purchased several years before the theft, the jurors viewed the tools on videotape and appellant was able to point out their age and used condition to the jury. Like the garden tiller at issue in *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978), used brand-name tools are "everyday objects" whose value can be estimated based on the knowledge and experience of the jurors coupled with the testimony of the owner, without the need for expert testimony. Accordingly, viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found appellant guilty of felony theft beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, appellant argues that his trial counsel did not render effective assistance as guaranteed by the Sixth Amendment. Specifically, appellant alleges that his counsel's performance was deficient because (1) counsel urged him to plead guilty without investigating the facts of the case and then would not allow him to plead guilty on the false information counts when he wished to; (2) counsel based his defense in part upon his confusion at the time of his arrest, and the State was able to turn this defense around and use it against him in its closing argument; and (3) counsel failed to call an expert witness regarding the value of the stolen tools.

"To establish ineffective assistance of counsel, [appellant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. [Cits.] The proper measure of attorney performance is reasonableness under prevailing professional standards. [Cits.]" *Gross v. State*, 262 Ga. 232, 233 (1) (416 SE2d 284) (1992). Appellant's first allegation, regarding counsel's failure to investigate and refusal to allow him to plead guilty on the false identification counts, is based on assertions belied by the record and disputed by counsel at the evidentiary hearing on the motion. The trial court found counsel's testimony at the hearing credible, and this finding is not clearly erroneous. Appellant's second allegation, regarding counsel's reliance on appellant's confusion as a defense to the false information charges, challenges counsel's judgment in her choice of strategy and tactics. However, "[a]s to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. [Cit.]" *Thompson v. State*, 188 Ga. App.

508, 509 (373 SE2d 292) (1988); see also *Hosch v. State*, 185 Ga. App. 71 (2) (363 SE2d 258) (1987). Appellant's third allegation, regarding counsel's failure to call an expert witness on the value of the tools, also cannot provide the basis for a claim of ineffective assistance of counsel. As discussed in Division 1, expert testimony on the value of the tools was not necessary, so counsel's decision not to obtain expert testimony was a tactical one which, even if erroneous, could not constitute the deficient performance necessary to constitute ineffective assistance.

The record shows that appellant's trial counsel filed numerous pre-trial motions and challenged the admissibility of statements made by appellant in a *Jackson-Denno* hearing. Trial counsel testified that she unsuccessfully tried to track down witnesses who might support appellant's story, with little help from appellant who could give her only first names and no addresses. The trial transcript reveals that counsel made objections, actively cross-examined witnesses, presented appellant as a witness, and moved for a directed verdict. After an evidentiary hearing at which both appellant and counsel testified, the trial court found that "the trial counsel's performance was in no way deficient" and that appellant had received effective assistance from trial counsel. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.] The trial court's finding in the instant case is not clearly erroneous." *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). We therefore conclude that this enumeration of error is also without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 8, 1993.

*Ronald C. Conner*, for appellant.
*Cheryl F. Custer, District Attorney, William F. Todd, Jr., Assistant District Attorney*, for appellee.