## A93A2107. FREEMAN v. THE STATE.
(440 SE2d 490)

SMITH, Judge.

Emmett Freeman was indicted for the offenses of aggravated assault and DUI. He pled guilty to aggravated assault and was sentenced to ten years on probation. The DUI charge was placed on the dead docket. Several weeks later, Freeman filed a motion to reduce sentence or, alternatively, for a new trial. At the hearing held on the motion, the trial court treated the motion as one to withdraw Freeman's guilty plea and denied it. Freeman appeals.

The transcript shows that on December 14, 1992, after initial plea negotiations, the defense elected to proceed with a jury trial. The prosecutor then invited defense counsel to put up a non-negotiated plea, "and see what the Judge gives him." The trial court agreed, stating: "I'll allow you to reserve that right and withdraw your plea if you don't like the sentence." A hearing then ensued, during which the prosecutor asked Freeman the questions required under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), to establish the voluntariness of a guilty plea and the defendant's understanding of the nature of the charge and the consequences of his plea. Although Freeman stated in response to the prosecutor's question that he was pleading not guilty, his retained counsel indicated it was understood that the questioning was directed to a plea of guilty. Freeman's responses to the *Boykin* questions clearly indicate that he understood the charges against him and the maximum sentences that could be imposed: if he pled guilty, he could be sentenced to up to 20 years in prison for aggravated assault or 21 years on both charges. He indicated that no threats, coercion, or promises had been used, that he was not under the influence of drugs or alcohol, and that his plea was entered freely and voluntarily.

In a sentencing hearing that followed, the court heard testimony from the victim, who had formerly lived with Freeman, and from Freeman. The State recommended fifteen years incarceration, and the defense requested three to five years probation. After a brief conference in chambers, the court continued the hearing for four days. When the hearing reconvened on December 18, 1992, the prosecutor announced that Freeman had entered a plea of guilty to the aggravated assault count and the DUI count had been placed on the dead docket. The court then informed Freeman that his guilty plea was accepted and his sentence would be ten years probation, with certain conditions. After making extensive explanation of the reasons for the sentence and the conditions, the trial court inquired of both the State and the defendant if they had anything further. The prosecutor responded negatively. Defense counsel made two inquiries regarding the court's admonition to stay away from the victim, asking whether

Freeman could visit with his children and whether he could give them toys at Christmas. No other inquiries or comments were made.

On January 5, 1993, defense counsel filed his "motion to reduce sentence and, or, motion for a new trial," relying on the court's previous assurance that the plea could be withdrawn if Freeman did not like the sentence. After a hearing, at which the motion was treated as one to withdraw the guilty plea, the trial court denied the motion, finding that it was clear from the transcript that Freeman had accepted the sentence when. pronounced.

1. Freeman contends that his guilty plea was not freely and voluntarily made and that the trial court therefore erred in denying his motion to withdraw the plea. He bases this contention on the fact that the judge conducted no colloquy with Freeman after his plea was entered, citing *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971). There is no merit in this contention.

First, although in *Purvis* the Supreme Court stated that after *Boykin*, supra, state court judges have the same duty as federal judges under Rule 11 of the Federal Rules of Criminal Procedure to ensure the voluntariness of a guilty plea, there is no requirement under Georgia law that the trial judge personally address the defendant, as Rule 11 explicitly requires. See *State v. Germany*, 245 Ga. 326, 328-329 (265 SE2d 13) (1980).

Second, Freeman pled guilty although maintaining his innocence, under the authority of *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970). In *Alford*, the Supreme Court held that a claim of innocence coupled with a guilty plea does not necessarily demonstrate that the plea was not free and voluntary. No constitutional error exists in accepting such a plea when the defendant intelligently concludes it is in his best interest and the judge has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence. See *Clark v. State*, 186 Ga. App. 106, 107 (366 SE2d 361) (1988). Such is the case here. Freeman entered a plea under the authority of *Alford*. It is clear from the transcript that it was freely and voluntarily made. The court inquired into the factual basis for the plea and, satisfied that the plea was intelligently entered despite Freeman's claim of innocence, accepted the plea. Particularly in view of the court's offer to allow Freeman to withdraw the plea should he be displeased with the sentence, we find no error in the court's determination that Freeman's guilty plea was entered knowingly and voluntarily.

2. The question then becomes whether Freeman timely exercised his granted right to withdraw the plea. There is no absolute right to withdraw a guilty plea after sentence is orally pronounced. OCGA § 17-7-93 (b); *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) (1980). The decision whether to allow such withdrawal of a plea in the

same term of court is within the discretion of the trial court, and will not be disturbed on appeal absent a manifest abuse of such discretion. *Covington v. State*, 196 Ga. App. 498 (396 SE2d 298) (1990). We find no such abuse of discretion here.

In delivering its ruling from the bench, the trial court made clear that its offer to allow withdrawal of the guilty plea had not been intended to remain open, nor would the law allow it to remain open, for an indefinite length of time. We agree with the trial court that once sentence was pronounced, the defendant or his counsel was obligated to respond if the sentence was not acceptable to them. By their silence, clearly reflected in the transcript, they indicated acceptance of the sentence. The offer then expired, because knowing the sentence and having had the benefit of counsel, Freeman freely and voluntarily let his guilty plea stand. See generally *Smith v. State*, 231 Ga. 23, 25-26 (200 SE2d 119) (1973).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JANUARY 25, 1994.

*Harry J. Beecham, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.