A00A1839, A00A2053. WILKERSON v. THE STATE (two cases).

(540 SE2d 303)

PHIPPS, Judge.

R. B. Wilkerson and Milton Wilkerson were jointly indicted and tried for the theft by taking of a box of Nike athletic shoes that belonged to Roadway Express, Inc. and had a value greater than $500. Both were given ten-year, partially probated sentences. In Case No. A00A1839, R. B. Wilkerson appeals. In Case No. A00A2053, Milton Wilkerson appeals.

R. B. Wilkerson argues that the State's proof of the value of the shoes consisted of nonprobative hearsay of a State's witness and of testimony from the witness concerning the general cost of Nike shoes without consideration of the age or condition of the shoes involved in this case. Based on these arguments, Wilkerson asserts that the evidence is insufficient to support imposition of felony punishment for his conviction of theft by taking.[1] Arguments advanced by Milton Wilkerson in his pro se appeal raise these same issues. We find that the witness's opinion evidence as to the shoes' value was sufficient to support the verdicts and sentences. We therefore affirm.

Roadway Express provides transportation services to shippers and receivers of goods. Daniel Saviola, Roadway's security manager, is responsible for investigating thefts of goods. He began conducting surveillance of Roadway's Lawrenceville facility after receiving

---

[6] See, e.g., *Caven v. Warehouse Home Furnishings Distrib.*, 209 Ga. App. 706 (434 SE2d 532) (1993).

[1] See *Sapp v. State*, 222 Ga. App. 415, 419 (5) (474 SE2d 233) (1996) (value is not an element of the crime of theft by taking but is relevant for purposes of distinguishing between misdemeanor and felony punishment); OCGA §§ 16-8-2; 16-8-12 (a) (1) (authorizing felony punishment for theft by taking if property which was subject of theft exceeded $500 in value).

reports of thefts at that location. Saviola and a security guard hired by Roadway observed the Wilkersons appear at the facility during the early morning, enter a Roadway trailer without authority, and attempt to remove a box containing 12 pairs of Jordan Nike athletic shoes being shipped to a Nike outlet store in a shopping mall. The Wilkersons were then arrested.

When the prosecuting attorney asked Saviola the value of the shoes, defense counsel raised a hearsay objection. Outside the presence of the jury, Saviola then testified that he had examined the shoes in the box and, through documentation he received from Roadway's cargo claims department and Nike in the regular course of his job duties, he determined their "claim value" (i.e., the amount Roadway would have had to pay for loss of the shoes). He also related that "I own a pair of those shoes and I know what I paid for them."

Before the jury, Saviola testified that the shoes had a value of approximately $1,200 (or about $100 per pair). When asked how he made this determination, Saviola responded that it was based on his inspection of the shoes and on his knowledge of the shoes' value through other thefts he had investigated in which Nike shoes were taken. Saviola also explained that Roadway is a self-insurer, so that when it suffers a loss he must ascertain the claim value. *Held*:

1. Had Saviola testified that his determination of the shoes' value was based solely on documents examined by him but prepared by others, we agree that his testimony would have been objectionable on the ground of hearsay. But, as recognized by the Wilkersons, through his testimony Saviola also expressed his opinion as to the value of the shoes. In part, Saviola's opinion was based on his examination of the shoes, the fact that he owned a pair, and his investigation of prior thefts involving similar merchandise.

Opinion evidence as to the value of an item has probative value and may be admitted if a foundation is laid showing that the witness has some knowledge, experience or familiarity with the value of the property or similar property and if the witness gives reasons for the value assessed and has had an opportunity for forming a correct opinion.[2] Saviola's testimony met these criteria. The fact that his opinion as to value was based in part on hearsay went to the weight of his testimony and was not a basis for excluding it.[3] The evidence supports findings that the shoes taken by the Wilkersons were new and that the cost to the purchaser at the outlet store would have equaled or exceeded Roadway's claim value. The price paid by the consumer for new merchandise constitutes proof of its value.[4] More-

---

[2] *Barnes v. State*, 239 Ga. App. 495, 498 (1) (521 SE2d 425) (1999).
[3] *Vitello v. Stott*, 222 Ga. App. 134, 136 (1) (473 SE2d 504) (1996).
[4] See *Warsham v. State*, 200 Ga. App. 322 (3) (408 SE2d 122) (1991); compare *Dunbar v. State*, 146 Ga. App. 136 (2) (245 SE2d 486) (1978).

over, Jordan Nike athletic shoes can be considered "everyday objects," and the jurors' awareness of the value of such objects is sufficient to allow them to consider opinion evidence such as that given by Saviola and make reasonable deductions exercising their own knowledge.[5] Accordingly, the trial court did not err in overruling the hearsay objection.

2. Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the Wilkersons guilty beyond a reasonable doubt of felony theft by taking and that felony sentencing was authorized.[6]

*Judgments affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 12, 2000 —
RECONSIDERATION DENIED NOVEMBER 2, 2000 — 

*Herbert Adams, Jr.*, for appellant (case no. A00A1839).
Milton Wilkerson, *pro se.*
*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.

---

[5] See *Smith v. State*, 207 Ga. App. 290, 291 (1) (428 SE2d 95) (1993).
[6] *Pace v. State*, 235 Ga. App. 872, 873 (510 SE2d 617) (1999).