## A04A0918. THOMAS v. THE STATE.
(598 SE2d 882)

PHIPPS, Judge.

Tracey Thomas appeals an order of the Superior Court of Fulton County denying his motion to withdraw a guilty plea after imposition of sentence. He claims that the plea was not entered knowingly and intelligently, because he did not understand the consequences of the plea at the time of its entry. Because the transcript of the plea hearing shows otherwise, we find no abuse of discretion in the denial of Thomas's motion to withdraw the plea.

An indictment was returned charging Thomas with aggravated child molestation, aggravated sodomy, and aggravated sexual battery. When the case was called for trial, Thomas professed his innocence; but he and his attorney informed the court that, in view of the strength of the state's case, he had decided to enter a nonnegotiated guilty plea under *North Carolina v. Alford*.[1]

> In *Alford*, the Supreme Court held that a claim of innocence coupled with a guilty plea does not necessarily demonstrate that the plea was not free and voluntary. No constitutional error exists in accepting such a plea when the defendant intelligently concludes it is in his best interest and the judge has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence. [Cit.][2]

> Once the question of the validity of a guilty . . . plea has been raised, the burden is on the State to show that the plea was intelligently and voluntarily entered. The State may accomplish this end by . . . showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea. . . .[3]

Here, it is undisputed that there was an adequate factual basis for the *Alford* plea, and the court accepted it after informing Thomas of the rights he was waiving and the possible consequences of the plea. After accepting the plea, the court merged the aggravated

---

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] *Freeman v. State*, 211 Ga. App. 716, 717 (1) (440 SE2d 490) (1994).

[3] (Citations and punctuation omitted.) *Beck v. State*, 222 Ga. App. 168-169 (473 SE2d 263) (1996).

sodomy count into the aggravated child molestation count, sentenced Thomas to ten years' imprisonment followed by five years on probation on the aggravated child molestation count, and gave him a concurrent ten-year sentence on the aggravated sexual battery count.

About ten days later, Thomas filed a pro se motion to withdraw his guilty plea on the ground that he had thought that, by pleading guilty, he would be given a lesser sentence than that imposed by the trial court. Following an unreported hearing, the court denied the motion. We find no abuse of discretion.[4] The transcript shows that Thomas was informed that, after entry of a nonnegotiated guilty plea, the court could impose a sentence of up to 20 years on each count and was not bound by any sentencing recommendation of the state. Thus, Thomas's guilty plea was knowingly and intelligently entered.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 21, 2004.

*Thomas S. Robinson III*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

