A04A1465. WYNN v. THE STATE.
(609 SE2d 97)

ADAMS, Judge.

Robert Lee Wynn appeals following his conviction on two counts of theft by receiving a motor vehicle. We affirm.

Viewed in the light most favorable to the verdict, the evidence showed that on the morning of September 18, 2002, Wynn was arrested outside his residence in Athens. Wynn's daughter, Roberta, was the principal resident of the property, and Wynn lived in the garage. At the time Wynn was arrested, he was driving a white flatbed tow truck. A black pickup truck was parked in the yard of the residence. The ignition systems of both vehicles had been tampered with, and both vehicles had been reported as stolen. The ignition wires behind the dashboard had been pulled out, and one witness testified that there was a hole in the dashboard. The tow truck was taken from a towing company in Norcross, and the black pickup truck had been stolen from a used car lot on the same street. Each vehicle had been stolen either on the evening of September 17 or the early morning of September 18, 2002. Police searched Wynn at the time of his arrest and seized wire strippers, a folding knife, an ignition, two sets of keys, a utility tool and a wired fuse.

Based upon this evidence, the jury convicted Wynn. At a subsequent sentencing hearing, the state presented evidence of three prior

felony convictions in aggravation of punishment, and the trial court sentenced Wynn as a recidivist to a total of ten years, with five to serve.

1. Wynn first contends that the evidence was insufficient to support his conviction on one of the counts because the state failed to prove that Wynn ever possessed the black pickup truck that was stolen. Moreover, he asserts that the state failed to prove that he knew or should have known that the truck was stolen.

The crime of theft by receiving occurs when a person

receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property. OCGA § 16-8-7 (a); [cit.]

(Punctuation omitted.) *James v. State*, 265 Ga. App. 660, 661-662 (595 SE2d 359) (2004).

Roberta Wynn testified that the black pickup truck was in the yard of the residence she shared with her father "up on the hill back in the bushes," and that she did not know where it came from. When arrested, Wynn was pulling out of his driveway in the empty, stolen tow truck. The black pickup truck had a drive out tag clearly displayed, which reflected the name of the used car lot in Norcross where it was stolen. The tow truck was also marked with the business name and address of its owner. The ignitions on both trucks had obviously been tampered with, with wires hanging down and a hole in the dashboard of one of the trucks. When he was arrested, Wynn was in possession of an ignition switch and tools which could have been used to cut the wires leading to the ignition and/or to replace the ignition. Moreover, we note that Wynn's trial counsel conceded during both opening statement and closing argument that Wynn was in possession of both trucks.

While proof of possession of recently stolen property is not sufficient, alone, to establish that the possessor knew or should have known that the property was stolen, we find that the evidence was sufficient to sustain Wynn's conviction of theft by receiving the black pickup truck. "[K]nowledge sufficient to establish guilt may be inferred from possession in conjunction with other evidence of knowledge, and such guilty knowledge 'may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man.' [Cit.]" *Wells v. State*, 268 Ga. App. 62-63 (1) (601 SE2d 433) (2004). Here, the circumstantial evidence of the truck's condition along with the other evidence presented by the state supported an inference that Wynn knew or should have known that the truck was stolen. *Ingram v. State*, 268 Ga. App. 149, 150 (1) (601 SE2d 736) (2004).

2. Wynn also contends that the trial court erred in sentencing him as a fourth-time recidivist because the state failed to prove that he had pled guilty to one of the three prior convictions. To establish that conviction, the state presented documents relating to a prior charge of possession of a stolen vehicle against Wynn in South Carolina. The documents include an indictment, a sentencing form, and an order of restitution. Although the indictment form contains a section for the entry of a guilty plea and a signature by the defendant, that section is blank. The sentencing form reflects that Wynn entered a plea to the charge, and states that he "pleads (*Alford*) to possession of a stolen vehicle." The signatures of the solicitor, Wynn and his attorney appear below this language. Wynn contends that these documents do not reflect that he entered a guilty plea, so as to support his sentencing as a fourth-time offender under OCGA § 17-10-7.

While the documents do not contain direct evidence of Wynn's plea in the case, they are sufficient to establish that he entered a plea pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), for which he received a probated ten-year sentence. A plea entered under the *Alford* decision allows a defendant to plead guilty, while claiming to be innocent:

> In *Alford*, the Supreme Court held that a claim of innocence coupled with a guilty plea does not necessarily demonstrate that the plea was not free and voluntary. No constitutional error exists in accepting such a plea when the defendant intelligently concludes it is in his best interest and the judge has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence.

(Citations omitted.) *Thomas v. State*, 267 Ga. App. 163 (598 SE2d 882) (2004). Thus, a plea entered pursuant to *Alford* is a guilty plea "and places the defendant in the same position as if there had been a trial and conviction by a jury." (Citations omitted.) *Argot v. State*, 261 Ga. App. 569, 571 (2) (583 SE2d 246) (2003). And Wynn's signature on the form indicates that he knew his plea in the case resulted in a ten-year sentence to be served on probation, as recommended by the solicitor. While the better practice would have been to produce evidence of the actual plea itself, we believe that the documentary evidence was sufficient to support the trial court's finding that the South Carolina conviction was valid.[1]

---

[1] Moreover, we note that while Wynn testified at the sentencing hearing regarding one of his other prior convictions, he presented no testimony or evidence to attack the voluntariness

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 8, 2004 —
RECONSIDERATION DENIED DECEMBER 14, 2004 —

*John W. Donnelly*, for appellant.
*Kenneth W. Mauldin, District Attorney, William M. Overend, Assistant District Attorney*, for appellee.

---

or any other aspect of the South Carolina charge. Once the state presented evidence of the prior plea, Wynn bore the burden of any collateral attack on that plea. *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999).