A05A0866. CAMPBELL v. THE STATE.
(619 SE2d 720)

ADAMS, Judge.

Walter James Campbell, Jr. appeals after a jury convicted him of theft by taking a motor vehicle, theft by retaining a motor vehicle and theft by retaining stolen property. These convictions arose out of two separate incidents that occurred in Athens on December 17, 2001, when Farrah and Joseph Wages reported a break-in at their home and Shannon Frei reported that her car had been stolen from her place of employment.

Viewed in the light most favorable to the verdict, the evidence showed that Farrah Wages left her house on December 17, 2001, shortly before 1:00 p.m., leaving the lights off and the doors locked. When she returned home around 3:45 p.m. she discovered her door had been kicked in, the lights were on and her house was in disarray. She soon determined that some of her property was missing, including two television sets and Christmas presents she had purchased for

her family. The Wageses testified that they had spent between $645 and $750 to purchase the presents.

On the same day, Frei went to work, parking her 1992 Nissan Stanza outside her workplace and leaving the keys under the driver's seat. As one of Frei's co-workers left for lunch that day, she saw a man wearing a black stocking cap or beanie on his head driving away in Frei's car. The co-worker immediately returned to the office and told Frei what she had seen. Frei then asked other people in her office complex whether they had seen anyone matching this description.

Amy Stroup, an employee of a nearby staffing agency, told Frei that the description matched Campbell, who had applied for work earlier that day. Stroup had seen Campbell wearing a cap and listening to music at a picnic table, and she observed that he had walked, not driven, to the staffing office that day. Stroup was able to give the police Campbell's address and telephone number, which he had listed on his job application. Later, Campbell returned to the staffing office and asked Stroup if she had seen his portable music player. After Campbell left, Stroup relayed this information to Frei.

Frei and a friend tried to follow Campbell in an attempt to locate Frei's car. They saw Campbell in a nearby park, but were unable to find the car until they drove to the address on Campbell's job application. They found Frei's car parked in front of that address and notified police. Officer Andrew Corbin of the Athens-Clarke County Police Department responded to the call and observed the stolen car parked in a cul-de-sac in front of Campbell's address. Frei obtained her spare set of keys and unlocked the car. Inside, police found a television set and the Christmas presents belonging to the Wageses.

Frei's car was taken to the Athens-Clarke County Police Department for processing by the forensics department. An officer processed the television set and the Christmas presents for fingerprints and discovered five latent prints. One of these prints, a partial print from a white gift box, was later matched to a print taken from Campbell's left thumb.

1. Campbell first argues that the evidence was insufficient to support his convictions because there is no proof that Campbell either took, retained or possessed the property at issue. But the evidence showed that a man matching Campbell's description drove Frei's car out of the parking lot. The stolen car was later located at the address Campbell gave on his job application. Inside the car was property taken from the Wageses. And there was testimony that Campbell's thumbprint matched a partial fingerprint lifted from one of the Christmas packages found in the car. We find that this evidence was sufficient to support the jury's verdict. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Dean v. State*, 203 Ga.

App. 836, 837 (418 SE2d 117) (1992). To the extent that circumstantial evidence was presented, it was for the jury to determine whether the evidence was sufficient to exclude every reasonable hypothesis save that of Campbell's guilt. Because we find that the evidence supported such a conclusion, we will not disturb the verdict on appeal. *Eckman v. State*, 274 Ga. 63, 65 (1) (548 SE2d 310) (2001).

2. Campbell next contends that he is entitled to a new trial because his convictions on the counts of theft by taking a motor vehicle and theft by retaining a motor vehicle are mutually exclusive, citing our opinion in *Ingram v. State*, 268 Ga. App. 149, 151-152 (5) (601 SE2d 736) (2004). The state concedes that Campbell is entitled to a new trial on these two counts. In that case, Ingram was charged with theft by taking and theft by receiving. And the indictment alleged that Ingram was guilty of theft by receiving "in that he 'did retain stolen property,' which he should have known was stolen, without the intent to return it to its owner." Id. at 152, n. 1. We held that the two crimes were mutually exclusive, and that Ingram was entitled to a new trial. Id. at 151-152 (5).

Here, even though the trial court merged the two counts for purposes of sentencing Campbell, we held in *Ingram* that such a remedy was insufficient and that a defendant convicted of these mutually exclusive crimes is entitled to a new trial. Id. at 152. Accordingly, we reverse Campbell's conviction on Count 1 (theft by taking a motor vehicle) and Count 3 (theft by retaining a motor vehicle) for a new trial. Id. See also *Thomas v. State*, 261 Ga. 854 (413 SE2d 196) (1992).

3. Campbell further argues that because the state failed to prove that the property taken from the Wages house exceeded $500 in value, the trial court erred in imposing a felony sentence on the count of theft by receiving stolen property. "While value is not an element of the crime of theft by receiving stolen property, it is relevant in order to distinguish between a felony and a misdemeanor for purposes of sentencing." (Footnote omitted.) *DeLong v. State*, 270 Ga. App. 173, 175 (2) (606 SE2d 107) (2004). A person convicted under OCGA § 16-8-12 (a) of theft by receiving stolen property exceeding $500 in value can receive a felony sentence of one to ten years. Id.

Farrah Wages testified that the Christmas presents taken from her house included four vanity sets; a silver serving tray; four pairs of men's pants; two ladies' handbags; one lady's three-piece suit; one Martha Stewart cookware set; four pairs of men's boxer shorts; one pair of men's lounging pants; several items for children, "just little things"; a computer game; a nightgown; steak knives; a colander; and a gold-plated bowl. In addition, the thief took the two television sets and two cassette recorders. The Wageses could not place a value on the two television sets taken from their home because they were old,

but they testified that they had spent somewhere between $645 and $750 for the Christmas gifts.

"The cost of the property to the owner, although relevant on the question of value, is not the ultimate determinant." (Footnote omitted.) *Baker v. State*, 234 Ga. App. 846, 848 (507 SE2d 475) (1998). Rather, the proper measure of value under OCGA § 16-8-12 "is the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property." (Footnote omitted.) Id. See also *Buckley v. State*, 270 Ga. App. 493, 494 (1) (606 SE2d 581) (2004). "But it is also true that the cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value." (Citation and punctuation omitted.) *Yarber v. State*, 144 Ga. App. 781 (242 SE2d 372) (1978). And the "testimony of the owner of the value of stolen items based upon his experience in buying them, coupled with the jury's awareness of the value of 'everyday objects,' is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas." (Citation and punctuation omitted.) *Smith v. State*, 207 Ga. App. 290, 291 (1) (428 SE2d 95) (1993). See also *Wilkerson v. State*, 246 Ga. App. 621, 623 (1) (540 SE2d 303) (2000).

We find that the items stolen from the Wageses can be considered "everyday objects," and the jurors' awareness of the value of such objects was sufficient to allow them to consider the evidence of the purchase price and to make reasonable deductions based upon their own knowledge of value. *Wilkerson*, 246 Ga. App. at 623 (1). Accordingly, we find that the evidence supported the felony sentence imposed by the trial court on the charge of theft by receiving stolen property.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Ellington, J., concur.*

DECIDED AUGUST 8, 2005.

*John W. Donnelly*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.