## A05A1602. McKINNEY v. THE STATE.
### (622 SE2d 427)

ELLINGTON, Judge.

A Chatham County jury found Javonni McKinney guilty of theft by receiving stolen property, OCGA § 16-8-7. McKinney appeals from the judgment of conviction, claiming that the trial court erred in denying his motion for directed verdict. We find no error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations and footnotes omitted.) *Sexton v. State*, 268 Ga. App. 736 (1) (603 SE2d 66) (2004). See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The standard of review of a denial of a motion for a directed verdict of acquittal is the same standard used when the sufficiency of the evidence is challenged. *Dorsey v. State*, 279 Ga. 534, 542 (3) (615 SE2d 512) (2005).

So viewed, the evidence shows that Thomas Johnson owned a Buick Roadmaster station wagon. Johnson, who was in the taxi business, wanted the Buick painted and relettered, and the wood trim removed, before putting it back on a "cab run." Johnson left the Buick with Ricardo King for the purpose of completing the automotive body work. Johnson did not authorize King or anyone else to drive the Buick.

On December 7, 2002, King allowed McKinney to "borrow" the Buick in return for two or three rocks of crack cocaine. King admitted that he knew Johnson had not authorized him to rent the Buick out to people, and that he should not have loaned the Buick to McKinney. McKinney agreed to have the car back that evening, but he never returned it to King.

King testified that he believed McKinney knew that King did not own the Buick. McKinney knew that King was a "body man" that worked on other people's cars. According to King, McKinney would have known King did not own the Buick because of the car's taxi

insignia stickers, which, along with the wood trim, had been removed in preparation for painting, but which left a visible impression.

OCGA § 16-8-7 (a) provides, in pertinent part, that "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." Proof of possession of the stolen property is not by itself sufficient to show the accused knew or should have known the property was stolen. See *Wynn v. State*, 271 Ga. App. 10, 11 (1) (609 SE2d 97) (2004).

McKinney claims there is no evidence King stole the Buick from Johnson or that McKinney knew or should have known that King had stolen the Buick. We disagree. Although King was originally in lawful possession of the car, King unlawfully converted the Buick to his own use by "renting" it to McKinney without Johnson's authorization. See OCGA §§ 16-8-4 (a) (theft by conversion); 16-8-2 (theft by taking); *Ford v. State*, 144 Ga. App. 599 (241 SE2d 481) (1978) ("[o]ne to whom property is bailed for a purpose beneficial to both parties and who converts the property to his own use is guilty of a criminal conversion") (citation omitted). Since McKinney knew that King worked on cars King did not own, and the Buick was visibly undergoing body work, a jury could conclude that McKinney knew or should have known that King did not own the Buick and had no authority to rent the Buick in exchange for crack. See *Priester v. State*, 249 Ga. App. 594, 598 (5) (a) (549 SE2d 429) (2001) (guilt may be inferred from possession of stolen property along with circumstantial evidence of guilty knowledge which would excite suspicion in the mind of an ordinarily prudent person). As the evidence was sufficient for a rational trier of fact to find each element of the crime of theft by receiving stolen property beyond a reasonable doubt, it follows that the trial court did not err in denying McKinney's motion for a directed verdict. See *Haney v. State*, 261 Ga. App. 136, 137-138 (1) (581 SE2d 626) (2003) (trial court did not err in denying motion for directed verdict of acquittal where evidence was sufficient for a rational trier of fact to find the elements of theft by receiving beyond a reasonable doubt).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 24, 2005.

*Donald B. Lowe III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Arvo H. Henifin, Assistant District Attorney*, for appellee.