A06A2396. PRICE v. THE STATE.
(642 SE2d 191)

JOHNSON, Presiding Judge.

A jury acquitted Eddie Price of burglary, but found him guilty of three counts of theft by receiving stolen property. Price appeals, alleging the evidence was insufficient to support his convictions, the trial court erred in admitting certain evidence, and the trial court erred in charging the jury. We find no error and affirm Price's convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] Viewed in that light, the evidence shows that two witnesses testified that their antique shops, which were next to each other, were burglarized. Several items taken from these burglaries showed up in other area antique shops. Four owners of these other antique shops testified that they bought the stolen items from Price. With the help of antique dealers, a detective with the Atlanta Police Department set up a sting operation that resulted in Price meeting the detective to sell him antique maps. Following his arrest, the detective searched Price's backpack and discovered several antique maps, later identified as stolen property. A uniformed officer transported Price to the precinct. Upon arrival at the precinct, the maps were not in Price's backpack. The detective found the maps concealed under the seat of the patrol car.

The owner of one of the antique shops which was burglarized testified that the total value of the items taken in the burglary of his shop was $26,641. He further testified that the items he recovered from the burglary had suffered considerable damage since they had been taken from his shop. In fact, the insurance company appraised the recovered items, in their present state, at just over $3,000. The

---

[1] *McKinney v. State*, 276 Ga. App. 75 (622 SE2d 427) (2005).

other burglarized antique shop owner testified that she recovered about $4,200 worth of her stolen items. The items she recovered from one shop alone were worth more than $500, even in the condition in which she recovered them.

A police officer arrested Price on the outstanding theft by receiving warrants based on Price's attempts to sell items from the first two burglaries. At the time of his arrest, Price was attempting to sell items from a third burglarized antique dealer. This dealer testified that she had been asking over $1,000 for the stolen jewelry before the burglary. She estimated that the jewelry was worth over $500 in its condition when she got it back.

Price argues there was insufficient evidence to support one of his theft by receiving stolen property convictions because the state failed to prove that the value of the jewelry stolen from the third dealer's shop was worth over $500 at the time Price possessed it. We disagree. According to the record, the jewelry was worth over $1,000 before it was taken. While the dealer testified that at the time it was recovered the jewelry was in a ball, knotted up, had a disgusting smell, and was "really not saleable merchandise any longer," she further testified that the jewelry was still worth over $500 after it was washed.

The proper measure of value in a theft by receiving stolen property case is the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property.[2] And, the testimony of the owner as to the value of the stolen items based upon his experience in buying them, coupled with the jury's awareness of the value of everyday objects, is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas.[3] Here, the state produced evidence that the property in question was worth over $500 both at the time it was taken and at the time Price possessed it. While the jewelry was balled up and smelled badly when it was recovered, a mere washing enabled the jewelry to be worth over $500. Price's argument lacks merit.

2. Price maintains there was insufficient evidence to support his convictions because the convictions rested solely upon uncorroborated accomplice testimony. Specifically, he argues that the only evidence establishing Price's possession of stolen property came from antique shop owners who received the stolen property from Price. According to Price, these antique shop owners were accomplices because they could have been indicted for the offense of theft by

---

[2] See *Campbell v. State*, 275 Ga. App. 8, 11 (3) (619 SE2d 720) (2005); *Baker v. State*, 234 Ga. App. 846, 848 (507 SE2d 475) (1998).

[3] *Campbell*, supra.

receiving stolen property. We disagree.

There is no evidence in the record that the antique owners who purchased the items from Price knew or should have known that the items were stolen. In fact, the owners testified that they did not know the items were stolen. Thus, contrary to Price's argument, there is no evidence that the antique owners were Price's accomplices, and their testimony did not require corroboration.[4]

3. Price contends the trial court erred by admitting hearsay testimony identifying certain watches as stolen property. This issue is moot since the jury acquitted Price of the burglary in which the watches were taken. "Acquittal on this count rendered error, if any, harmless if not moot."[5]

4. Price contends the trial court improperly charged the jury. He argues that the trial court erred by failing to charge the jury that it must find that the stolen property had a value in excess of $500 and erred by instructing the jury to determine the value from the retail prices of the stolen property rather than the actual value of the property in its condition at the time Price possessed it.

In its general charge to the jury, the trial court informed the jury that the state had the burden of proving the defendant guilty "as to each count and each and every element of the offense alleged in each count beyond a reasonable doubt." The court reminded the jury that the defendant enters the trial with a presumption of innocence in his favor and that no person shall be convicted of any crime "unless and until each element of the crime is proven beyond a reasonable doubt." Again, the trial court reiterated that "[t]he burden of proof rests upon the state to prove every material allegation of the indictment and every essential element of the crime charged and to disprove any affirmative defenses, except insanity, beyond a reasonable doubt."

Later in the charge, the trial court read Count 1, the burglary charge upon which Price was acquitted, to the jury and defined burglary with intent to commit theft. The court then read Counts 2, 3 and 4, the theft by receiving counts. In each count read to the jury, Price was charged with retaining certain stolen property "of the value exceeding $500." The court defined theft by receiving stolen property. The court then charged as follows:

> When value is an element of an offense, the value which must be proved by the state is fair market value of the property at the time of the receiving.

---

[4] See OCGA § 16-8-7 (a).

[5] (Citation and punctuation omitted.) *Goings v. State*, 265 Ga. App. 296, 299 (5) (593 SE2d 751) (2004).

Fair market value is defined as the price agreed upon by a seller who is willing, but not compelled, to sell, and a buyer who is willing, but not compelled, to buy.

In a theft of retail items from a retail establishment, value is the same as retail price, if shown.

Price argues that the trial court's jury instruction regarding value authorized the jury to determine value, as it applied to the theft by receiving counts, based upon the victims' testimony about the retail value of their stolen items. He also argues that the trial court's instruction failed to charge the jury that it must find the items he received had a value in excess of $500. We disagree.

"Jury instructions must be read and considered as a whole when determining whether the charge was correct."[6] Here, a complete review of the trial court's charge shows that it was neither confusing nor misleading and that it provided full and fair instruction on the issue in the case. The trial court correctly and properly charged the jury that the value to be considered in determining whether the state proved that the items' values exceeded $500 was the fair market value at the time the property was received.[7] The other definition of value applied to the burglary count, the only count in which Price was accused of taking items from a retail establishment. In addition, the trial court correctly and properly charged the jury that the state had the burden of proving each and every material allegation in the indictments, and the indictments read to the jury included allegations that the value of the items received exceeded $500. The trial court did not err in denying Price's motion for new trial on this ground.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 12, 2007.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[6] See *Weems v. State*, 267 Ga. 182, 184 (3) (476 SE2d 585) (1996).
[7] See *Campbell*, supra.