## A08A0733. BURROUGHS v. THE STATE.
(665 SE2d 4)

SMITH, Presiding Judge.

Camari Burroughs pled guilty to one count of pimping and was sentenced to twenty years, with ten years to be served in confinement and the remaining ten years on probation. Following the denial of his motion to withdraw his guilty plea, Burroughs appeals, asserting several enumerations of error. For the following reasons, we affirm.

1. Burroughs first argues that the indictment alleges only a misdemeanor count of pimping and that he therefore could not be sentenced for a felony. He argues that the indictment "lists a form of pimping activity NOT [sic] enumerated in the felony statute," and that pimping only becomes a felony when the act alleged occurs "before the act of prostitution."

The indictment alleged that Burroughs "did instruct . . . a child under the age of eighteen years, to commit prostitution and did receive money from said [child]." OCGA § 16-6-11 provides that

> [a] person commits the offense of pimping when he or she performs any of the following acts: (1) Offers or agrees to procure a prostitute for another; (2) Offers or agrees to arrange a meeting of persons for the purpose of prostitution; (3) Directs or transports another person to a place when he or she knows or should know that the direction or transportation is for the purpose of prostitution; (4) Receives money or other thing of value from a prostitute, without lawful consideration, knowing it was earned in whole or in part from prostitution; or (5) Aids or abets, counsels, or commands another in the commission of prostitution or aids or assists in prostitution where the proceeds or profits derived therefrom are to be divided on a pro rata basis.

Further, under OCGA § 16-6-13 (b), a person convicted of pimping "when such offense involves . . . the pimping for . . . a person under the age of 18 years to perform an act of prostitution . . . shall be guilty of a felony. . . ." Here, Burroughs was charged with instructing a person to commit prostitution and receiving money therefrom knowing that it was earned from prostitution, a clear violation of OCGA § 16-6-11 (4), and arguably also a violation of OCGA § 16-6-11 (5). Because the indictment further alleged that the person Burroughs instructed and from whom he received money was under the age of 18, the crime of pimping was elevated to a felony under OCGA § 16-6-13 (b). The trial court therefore did not err in sentencing

Burroughs for a felony.

2. Burroughs contends that his sentence should have been reduced because the State reneged on its agreement to seek reduction of the sentence. The record reveals, however, that there was no agreement by the State to seek reduction of Burroughs's sentence. Burroughs entered a nonnegotiated plea and agreed to testify against his original co-defendants with the hope that the trial court would consider his cooperation at sentencing. He acknowledged at the hearing on his guilty plea that the State had made no promises with regard to his sentence. Following Burroughs's plea and sentencing, the State agreed to be "truthful about any assistance [Burroughs] may have provided" if he were to be resentenced. Burroughs did not have an opportunity to testify against the others involved, however, because they each pled guilty. Since there was no promise by the State to seek reduction of Burroughs's sentence, his argument here is without merit.

3. Burroughs argues that the trial court erred in refusing to allow him to withdraw his guilty plea. He contends that the court stated that it would allow him to withdraw his plea if he was not satisfied with the sentence, but then later refused to allow him to withdraw that plea. In general,

> [t]here is no absolute right to withdraw a guilty plea after sentence is orally pronounced. The decision whether to allow such withdrawal of a plea in the same term of court is within the discretion of the trial court, and will not be disturbed on appeal absent a manifest abuse of such discretion.

(Citations omitted.) *Freeman v. State*, 211 Ga. App. 716, 717-718 (2) (440 SE2d 490) (1994).

Following Burroughs's plea of guilty and prior to sentencing, the trial court stated, "if you should disagree with the Court's sentence, this Court would allow you to withdraw your plea and just go to trial on this case. . . ." When the court then sentenced Burroughs to twenty years, with ten to be served in confinement, Burroughs did not object immediately. Instead, Burroughs waited nearly three weeks following his conviction to file a motion to withdraw his guilty plea. Burroughs's motion was based in part upon the statement by the court that he could withdraw his plea if he was not satisfied with the sentencing imposed. The trial court denied the motion and explained that the offer to allow Burroughs to withdraw his plea and proceed to trial was to be "exercised immediately or not at all" after the court announced the sentence.

Here,

> [w]e agree with the trial court that once sentence was pronounced, the defendant or his counsel was obligated to respond if the sentence was not acceptable to them. By their silence, clearly reflected in the transcript, they indicated acceptance of the sentence. The offer then expired, because knowing the sentence and having had the benefit of counsel, [the defendant] freely and voluntarily let his guilty plea stand.

*Freeman*, supra, 211 Ga. App. at 718 (2). Under these circumstances, the trial court did not abuse its discretion in denying Burroughs's motion to withdraw his guilty plea. Id.

4. Burroughs contends that he received ineffective assistance of counsel because counsel: (1) only consulted with him for a few minutes prior to trial, (2) did not review discovery, (3) did not advise him of applicable defenses or the possibility of quashing the indictment, (4) did not inform him of the consequences of pleading guilty, and (5) did not discuss the consequences of the fact that there had been no arraignment on the indictment. To prevail on an ineffective assistance of counsel claim, a defendant who pled guilty to an offense must show that his trial counsel's performance fell below an objective standard of reasonableness and that, but for that deficient performance, he would have rejected the plea and insisted on going to trial. *Rollins v. State*, 277 Ga. 488, 491 (2) (591 SE2d 796) (2004).

Trial counsel testified that he received Burroughs's case one day before trial and that he only had time to read the police reports and the indictment. He stated further that he spoke to Burroughs for the first time on the morning of trial and that because he did not have time to fully prepare for trial, he filed a written motion for a continuance. Because counsel admitted that he was not prepared for trial and testified that he advised Burroughs to enter a nonnegotiated plea, we analyze only Burroughs's claims of ineffective assistance concerning his guilty plea.

Burroughs contends that trial counsel did not inform him of the consequences of pleading guilty and did not adequately consult with him about the plea. Trial counsel stated that after reviewing the police reports and witness statements,[1] he believed the State had a strong case. He stated further that he had been served with the State's recidivist notice on the morning of trial, which included two incidents of pimping, one resulting in a conviction, as well as a

---

[1] These documents are not part of the record here on appeal.

conviction for statutory rape. Counsel then decided to discuss the possibility and consequences of a nonnegotiated plea with Burroughs because he believed a plea was in Burroughs's best interest. He testified at the motion for new trial hearing that he was not informed of anything subsequent to the guilty plea that would change his impression that the State had a strong case.

Not only has Burroughs failed to show how further consultation with counsel somehow would have impacted his decision to enter a plea, see *Rios v. State*, 281 Ga. 181, 181-182 (2) (637 SE2d 20) (2006), he has failed to show any information that would or should have changed counsel's recommendation to enter a plea. Moreover, we do not have the police reports and witness statements that counsel reviewed in making his decision that a plea was in Burroughs's best interest. As a result, we must assume that the information was sufficient for counsel to make that determination. Under these particular facts and circumstances, we cannot say that counsel's performance in advising Burroughs to plead guilty was inadequate. See *Brantley v. State*, 290 Ga. App. 764, 765 (660 SE2d 846) (2008) (record shows that prior to entering the guilty plea, defendant's counsel explained to him the nature of the nonnegotiated plea and the consequences).

Even if we assume that counsel's performance was somehow deficient, Burroughs failed to show that, but for counsel's performance, he would have pleaded not guilty and proceeded to trial. Although it is clear that Burroughs did not wish to proceed to trial with counsel who had received his case only a day before trial, he knew that counsel had filed a motion for a continuance. After consulting with counsel about all of his options, he decided to plead guilty rather than wait for the trial court to rule on his continuance request. Under these circumstances, Burroughs has failed to demonstrate how he was prejudiced by counsel's advice to enter a guilty plea. *Rios*, supra, 281 Ga. at 181-182 (2).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 17, 2008 —
RECONSIDERATION DENIED JULY 9, 2008 — ▮▮▮▮▮▮

*John W. Kraus*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.