A11A1676. REESE v. THE STATE.

(722 SE2d 441)

DOYLE, Presiding Judge.

A jury found William Reese guilty of criminal trespass[1] and felony theft by receiving stolen property.[2] He now appeals from the trial court's denial of his motion for new trial, contending that (1) the evidence was insufficient to support the verdict, (2) the trial court erroneously admitted certain evidence, (3) his trial counsel was ineffective, and (4) the trial court erroneously failed to probate a portion of Reese's sentence. For the reasons that follow, we affirm.

Construed in favor of the verdict,[3] the evidence shows that in April 2008, Reese approached an apartment occupied by George Henderson, whom Reese did not know. Reese pounded on the door, but Henderson did not recognize Reese and did not answer the door. Henderson observed Reese go to the back of the apartment and look through a rear window. Hearing a dog barking inside the apartment, Reese approached a different window, broke it, and began entering a bedroom through the window. The dog chased Reese out the window, and Henderson ran outside the apartment to confront Reese. Reese said he was "here to see Cheryl," a person unknown to Henderson, and attempted to flee. Henderson chased down Reese and restrained him until a bystander called the police, who arrived shortly thereafter.

The responding officer arrested Reese based on Henderson's description of events. When searching Reese's pockets incident to

---

[12] See *Spann*, supra; *DiMauro*, supra.

[1] OCGA § 16-7-21 (b) (1).

[2] OCGA § 16-8-7 (a).

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

the arrest, the officer found women's jewelry, a cell phone, and a credit card with the name Carie Agnew. A detective dialed a contact listed as "home" on the cell phone and reached a woman named Pamela Slayback, who later identified the phone and jewelry as items stolen from her home the day before.

Reese was charged with burglary and theft by receiving stolen property. Following a trial, a jury returned a guilty verdict as to criminal trespass (as a lesser included offense of the burglary count) and theft by receiving. Reese moved for a new trial, which motion was denied, giving rise to this appeal.

1. Reese first challenges the sufficiency of the evidence with respect to the felony theft by receiving count. Specifically, Reese argues that the State failed to prove that (a) he knew or should have known the items in his pockets were stolen, and (b) the items were of a value greater than $500.

(a) Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." "Knowledge that the property in question was stolen is an essential element of the crime of theft by receiving. The jury may infer that knowledge from circumstances which would excite suspicion in the mind of an ordinary prudent [person]."[4]

Here, the evidence showed that Reese possessed a cell phone traced to someone else, a debit card with an unrelated woman's name on it, and assorted women's jewelry stuffed into his pockets. He possessed these items while he was seen climbing uninvited into the window of a stranger's residence. Reese had made no effort to contact the rightful owner of the cell phone, which was identified as stolen. When confronted by the occupant of the residence, Reese fled and resisted detention while awaiting the arrival of police. "[E]vidence that a defendant was attempting to avoid police detection immediately before or during the commission of a crime, just like evidence of flight following a crime, is circumstantial evidence of consciousness of guilt."[5] Therefore, when viewed favorably to the verdict, these circumstances were sufficient to support an inference that Reese knew the items were stolen.

(b) Reese also argues that the evidence failed to support a felony conviction as to the theft by receiving count, because it did not demonstrate the value of the stolen items. Theft by receiving stolen

---

[4] (Citation and punctuation omitted.) *Miller v. State*, 275 Ga. 32, 34 (1) (561 SE2d 810) (2002).

[5] (Punctuation omitted.) *Green v. State*, 277 Ga. App. 867, 869 (1) (627 SE2d 914) (2006).

property is punished as a misdemeanor, unless "the property which was the subject of the theft exceeded $500.00 in value."[6]

As to the value of stolen property,

> the testimony of the owner of the value of [the] stolen items based upon his experience in buying them, coupled with the jury's awareness of the value of "everyday objects," is sufficient to allow the jury to consider such opinion evidence and make reasonable deductions exercising their own knowledge and ideas.[7]

Here, the stolen jewelry items in question were such "everyday objects,"[8] and the owner testified that she or her husband bought them and that they had a value of more than $500. Accordingly, the jury was authorized to find Reese guilty of felony theft by receiving, and the evidence supported the felony sentence.[9]

2. Reese also contends that the trial court erred by admitting two photographs showing the contents of Reese's pockets when he was arrested. The photographs depicted women's jewelry and a cell phone — both traced to Slayback, who testified — as well as a credit card under the name Carie Agnew, who did not testify and was not further identified at trial. Reese argues that allowing the jury to see the credit card improperly placed his character at issue. We review such a decision for a clear abuse of the trial court's discretion.[10]

Here, the trial court reasoned that the photographs were relevant because they depicted stolen items contained in Reese's pockets at the time he was arrested for burglary. Sensitive to the issue raised by Reese, the trial court did exclude evidence that Reese also possessed drug paraphernalia in his pockets, because that evidence was not relevant to the indicted offense. But the credit card in a woman's name was found along with stolen women's jewelry, and evidence of both permitted an inference that Reese possessed items belonging to someone else. "Evidence that is relevant and material to an issue in the case is not made inadmissible because it incidentally places the defendant's character in issue."[11] Further, "[t]he State is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant

---

[6] OCGA § 16-8-12.

[7] (Punctuation omitted.) *Campbell v. State*, 275 Ga. App. 8, 11 (3) (619 SE2d 720) (2005).

[8] See *Price v. State*, 283 Ga. App. 564, 565 (1) (642 SE2d 191) (2007).

[9] See id.; *Campbell*, 275 Ga. App. at 11 (3).

[10] See *Bryant v. State*, 288 Ga. 876, 889 (10) (708 SE2d 362) (2011).

[11] (Punctuation omitted.) *Buice v. State*, 289 Ga. App. 415, 417 (2) (657 SE2d 326) (2008).

to the crime charged may be presented at trial."[12] The challenged photographs depicted the contents of Reese's pockets, which included stolen jewelry, at the time he was arrested for burglary. This was relevant to demonstrating his knowledge of the rightful ownership of the items in his possession. Accordingly, we discern no abuse of discretion in admitting the challenged photographs.

3. At the conclusion of the trial, Reese was sentenced to serve ten years on the theft count, and twelve months to serve concurrently on the trespassing count. On appeal, Reese argues that his trial counsel was ineffective because he incorrectly acquiesced to the ten-year sentence to serve on the theft count in light of Reese's three prior felony convictions, which were presented to the court. Reese points out that during the sentencing hearing his trial counsel stated, "given the law as it stands you're obligated to give [Reese] the ten years to serve. . . . [T]he only thing we're really haggling about here is" whether to impose the trespassing sentence concurrently (which the trial court did). Reese contends that his trial counsel incorrectly informed the court that it had no discretion but to sentence him to serve the entire ten-year sentence. Reese now notes that this was an incorrect statement of law.[13] Instead, the trial court had discretion to probate a portion of the ten-year sentence.[14]

Under *Strickland v. Washington*,[15] to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[16] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[17] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[18]

Here, the record shows that the trial court stated the following rationale for its sentence: "[T]his court takes into consideration that there are three prior felonies . . . with certified copies[,] and this

---

[12] (Punctuation omitted.) *Nash v. State*, 285 Ga. 753, 754 (2) (a) (683 SE2d 591) (2009).

[13] See generally OCGA § 17-10-7 (a), (c); *Henderson v. State*, 247 Ga. App. 31, 32 (2) (543 SE2d 95) (2000) ("When a trial court has sentenced a recidivist to the maximum penalty under the mistaken belief that it had no discretion to suspend or probate any part of the sentence, we have remanded for resentencing."); *Banks v. State*, 225 Ga. App. 754, 756-757 (5) (484 SE2d 786) (1997) (same).

[14] See *Banks*, 225 Ga. App. at 757 (5).

[15] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[16] See id. at 687-688, 694 (III) (A)-(B).

[17] See id. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[18] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

court therefore sentences Mr. Reese to ten years to serve." There is no other indication of the basis for the court's decision not to probate a portion of the ten-year sentence, and "[u]nless affirmative evidence shows otherwise, the trial court is presumed to have exercised its discretion in imposing sentence."[19] This is not a case in which the trial court stated that it believed its discretion was constrained;[20] rather, it cited Reese's criminal history, which was properly noticed and tendered by the State,[21] in pronouncing its sentence, an entirely permissible basis upon which to formulate a recidivist sentence.[22] Therefore, in the absence of affirmative evidence showing that the trial court believed it had no discretion, we discern no prejudice caused by trial counsel's conduct.[23] Therefore, Reese cannot meet his burden under *Strickland*, and the enumeration is meritless.[24]

4. Reese's last enumeration mirrors the above argument, contending that the trial court erroneously failed to exercise its discretion by failing to probate a portion of his ten-year sentence. This enumeration is without merit for the same reasons stated above.

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED JANUARY 27, 2012.

*Brown & Gill, Angela B. Dillon*, for appellant.
*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[19] (Punctuation omitted.) *Paige v. State*, 277 Ga. App. 687, 688-689 (2) (627 SE2d 370) (2006). See also *Steele v. State*, 270 Ga. App. 488, 491 (606 SE2d 664) (2004) ("To require remand, there must be a clear statement in the record that constitutes either a general refusal to consider [more lenient] treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion.") (punctuation omitted); *Denny v. State*, 226 Ga. App. 432, 436 (13) (486 SE2d 417) (1997).

[20] Compare *Banks*, 225 Ga. App. at 757 (5).

[21] See generally OCGA § 17-16-4 (a) (5) (requiring notice to the defendant of prior convictions to be offered by the State during sentencing).

[22] See, e.g., *Greeson v. State*, 253 Ga. App. 161, 164 (3) (558 SE2d 749) (2002) ("trial court did not err in considering [prior] offenses for purposes of sentencing [defendant] as a recidivist"). See generally *Trujillo v. State*, 304 Ga. App. 849, 853 (2) (698 SE2d 350) (2010) ("[A] trial court's decision to exercise its discretion in granting probation naturally includes an assessment of the likelihood that the defendant will have the ability to successfully comply with the imposed conditions of probation.").

[23] See *Taylor v. State*, 282 Ga. App. 469, 472 (3) (c) (638 SE2d 869) (2006) (holding that the defendant failed to establish prejudice because the record did not show that trial court's sentencing rationale was improper).

[24] See id.